United States Court of Appeals,

Fifth Circuit.

No. 95-50678.

UNITED STATES of America, Plaintiff-Appellee,

v.

Robert Rolando GUERRA, Defendant-Appellant.

Sept. 12, 1996.

Appeal from the United States District Court for the Western District of Texas.

Before REYNALDO G. GARZA, DeMOSS and PARKER, Circuit Judges.

REYNALDO G. GARZA, Circuit Judge:

Robert Rolando Guerra appeals a judgment of the United States District Court for the Western District of Texas denying his motion to set aside, correct, or vacate his sentence under 28 U.S.C. § 2255. The court found that Guerra was procedurally barred from attacking his sentence and, despite the bar, that Guerra's guilty plea was free of any defect. We find error on both parts and therefore REVERSE the judgment of the district court and REMAND this case with instructions to set aside the defendant's conviction and to grant him all relief to which he is entitled.

I. Facts and Summary of Proceedings

On November 28, 1972, a federal grand jury in San Antonio indicted the defendant, Robert Rolando Guerra, on two counts relating to an alleged sale of heroin in July 1972: 1) conspiracy to possess heroin with intent to distribute, in violation of 21 U.S.C. § 846; and 2) possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). At rearraignment, the district court informed Guerra that, because of his prior drug convictions, he was subject to enhanced criminal penalties under the federal statutes as a repeat offender under authority of 21 U.S.C. § 841(b)(1)(A). Thus instead of facing a possible 30-year term for both counts, the court was of the view that a 60-year term was possible.

On this point, however, the district court was mistaken. The enhanced sentences for repeat

offenders were applicable only where a defendant had previously been convicted of *federal* drug offenses. Guerra had been convicted of drug offenses in the courts of Illinois and Texas, but not of the United States. The enhancement was therefore improper and thus Guerra was legally only subject to fifteen years incarceration on each count.

Unaware of the district court's error, Guerra pleaded guilty in February 1973 to the possession count in exchange for dismissal of the conspiracy count. The court found Guerra guilty and, again believing it could sentence Guerra to thirty years in prison, sentenced him to a fifteen-year prison term and a fifteen-year special parole term.[1] This sentence was in fact the maximum allowable under the law, although the court saw it as only half the amount it could impose.

Following his conviction Guerra wrote letters to the court indicating that he wished to appeal and that he would require the assistance of counsel. Treating these as motions, the court ordered that notice of appeal be filed, but denied Guerra's motion for appointment of counsel. Guerra's trial counsel, A.L. Hernden, moved to withdraw from the case and to have other counsel appointed by the court for the appeal. The court denied this motion. Hernden then filed a motion to allow Guerra to appeal *in forma pauperis,* which the government opposed and the district court denied under the mistaken belief that there were no appealable issues. At this time, Guerra asked this Court to allow an appeal *in forma pauperis* but we denied his request. We eventually dismissed his appeal for failing to docket it timely. *Guerra v. United States,* No. 73-8142 (5th Cir. filed July 11, 1973). Guerra received no assistance from his trial counsel and apparently was unable to afford the filing fee in this Court.

Guerra has since twice sought collateral relief. In August 1990, he moved to vacate, set aside, or correct his sentence, under the authority of 28 U.S.C. § 2255. The district court denied this motion in June 1991. Guerra filed notice of appeal in July 1991, but we dismissed his appeal for want

---

[1]Guerra completed his prison term in 1988. He is again in prison, however, for having violated his special parole term in 1989. Further, it appears that Guerra attempted to escape from prison following his parole revocation. It is not revealed in the record whether the district court sentencing Guerra for the attempted escape used the 1973 sentence as an enhancement under the Sentencing Guidelines. The case is therefore not moot.

of prosecution. He then moved to reinstate his appeal, which motion this Court granted. In June 1992, this Court affirmed the judgment of the district court. *United States v. Guerra,* No. 91-5695, 966 F.2d 676 (5th Cir. filed July 6, 1992).

Guerra's second—and present—attempt at habeas relief under § 2255 began in July 1993 when he complained of the trial court's above-mentioned error with respect to sentencing and of ineffective assistance of counsel at trial. The magistrate judge recommended that the district court dismiss Guerra's motion for abuse of the writ. The district court agreed with respect to the ineffective assistance claim because it had been the subject of the first § 2255 motion, but not as to the sentencing issue; the court found that Guerra had attempted to raise this issue in his first habeas proceeding, but that the government and the district court had not addressed it and we refused to address it on appeal given that the parties had not fully litigated it below. The court sent this part of the case back to the magistrate for further review.

The magistrate ordered the government to respond to Guerra's petition, which it did. It did not, however, raise the issue of procedural bar of the writ, despite the magistrate's admonition that the defense be raised in its first response. The magistrate appointed counsel for Guerra and set a date for an evidentiary hearing. The United States at this time filed an amended response, without leave, in which it raised the defense. Guerra objected to the amended response and moved to strike it, but the magistrate overruled him.

The magistrate judge, in his Second Memorandum and Recommendation, found that the sentencing court had violated Rule 11 of the Federal Rules of Criminal Procedure and Guerra's constitutional rights when it misinformed him of the penalties he faced. He also found, however, that the court's misplaced reliance on the enhanced-penalty scheme was harmless error given that Guerra's actual sentence was within the proper range set for that offense. Further, he concluded that Guerra procedurally defaulted this issue by failing to pursue his direct appeal. The districtendations and denied relief. Guerra appeals.

## II. Standard of Review

3

We review the district court's findings of fact in a § 2255 proceeding for clear error. *United States v. Mimms,* 43 F.3d 217, 220 (5th Cir.1995). Questions of law are reviewed *de novo. United States v. Gipson,* 985 F.2d 212, 214 (5th Cir.1993).

### III. Procedural Bar

The first issue we must address concerns the issue of procedural bar to Guerra's attempt to seek relief under the writ, which the district court found was applicable here. The effect of procedural bar is to preclude a defendant from attacking his conviction or sentence on collateral review. It arises where a defendant had the opportunity to raise contested issues in a direct appeal from his conviction but failed to do so. To overcome the bar, a defendant must show both "cause" for failing to raise the issue on direct appeal and "actual prejudice" flowing from the errors alleged.

### A. Did the Government Properly Raise the Bar in its Pleadings?

Guerra contends that the district court committed reversible error by allowing the government to amend its pleadings before the magistrate to raise the procedural bar. We review the district court's decision to allow an amendment to pleadings in this situation for abuse of discretion. *Briddle v. Scott,* 63 F.3d 364, 379 (5th Cir.), *cert. denied,* --- U.S. ----, 116 S.Ct. 687, 133 L.Ed.2d 531 (1995).

As noted above, the government raised the defense of procedural bar in an amended pleading to its response to Guerra's second § 2255 motion. The government amended the pleading without leave of court, approximately one month before the evidentiary hearing scheduled by the magistrate. Guerra argues that the district court abused its discretion and violated Federal Rule of Civil Procedure 15 by allowing the government to amend its pleading in this manner. He also contends that the government's failure to seek leave and attempt to amend pleadings at such an advanced stage of the proceedings constituted a waiver of the defense of procedural bar.

These arguments are not well taken. To invoke the procedural bar regarding a petitioner's delay in filing a § 2255 motion, the government must raise it in the district court. *United States v. Drobny,* 955 F.2d 990, 995 (5th Cir.1992). The government raised the defense before the

4

magistrate's filing of report and recommendation and before the district court's ruling. Because Guerra's motion was still pending at the time of the government's amendment, the issue was "raised in the district court."

Rule 15 does not prevent the government from amending its pleadings when it did. As the government and magistrate note, the Rules Governing Section 2255 Proceedings for the United States District Courts govern procedures under § 2255. Rule 12 provides as follows:

> If no procedure is specifically prescribed by these rules, the district court may proceed in any lawful manner not inconsistent with these rules, or any applicable statute, and may apply the Federal Rules of Criminal Procedure or the Federal Rules of Civil Procedure, whichever it deems most appropriate, to motions filed under these rules.

It is obvious, then, that a district court is not obligated to apply Federal Rule of Civil Procedure 15's requirement that parties must obtain leave of court before making amendments. Rather, the court may do as it did here and allow the government to amend its pleadings without leave. We do not find that this decision amounts to an abuse of discretion.

## B. Can Guerra Surmount the Bar?

Having found that the government properly raised the bar, Guerra must show both "cause" for his failure to raise the sentencing issue on direct appeal and "actual prejudice" resulting from the error. *United States v. Shaid,* 937 F.2d 228, 232 (5th Cir.1991) (en banc) (applying cause-and-prejudice requirement of *Wainwright v. Sykes,* 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977), to all proceedings under § 2255), *cert. denied,* 502 U.S. 1076, 112 S.Ct. 978, 117 L.Ed.2d 141 (1992).

### 1. Cause

The "cause" standard requires Guerra to show that "some objective factor external to the defense" prevented him from raising on direct appeal the claim he now advances. *Romero v. Collins,* 961 F.2d 1181, 1183 (5th Cir.1992) (quoting *Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986)). Objective factors that constitute cause include interference by officials that makes compliance with the procedural rule impracticable, a showing that the factual or legal basis for the claim was not reasonably available to counsel at the prior occasion, and ineffective

assistance of counsel in the constitutional sense. *Id.*

Guerra argues that he can satisfy the "cause" prong of the test because of *inter alia* ineffective assistance of counsel at the time of his direct appeal. He contends that his lawyer's failure to file his appeal despite his request that he do so meets the requirements for this finding. We agree.

An accused is entitled, as a matter of constitutional law, to assistance of counsel on a direct appeal as of right. *Douglas v. California,* 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963). Further, this representation must be effective. *Evitts v. Lucey,* 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Lombard v. Lynaugh,* 868 F.2d 1475, 1481 (5th Cir.1989). The appeal at issue here was from the district court to this Court, and thus was one of right; as a consequence, Guerra was constitutionally entitled to effective appellate counsel. This he did not have.

His failure to have it stems from two sources, one of which was Hernden's inadequate representation of his client. The Texas Code of Professional Responsibility required Hernden, whom Guerra had retained as his attorney, to represent him until such time as the court allowed him to withdraw. Because the court denied his motion to withdraw, Hernden remained obligated to pursue Guerra's interests, including an appeal. That Hernden [2] constitutes ineffective assistance of counsel. *Castellanos v. United States,* 26 F.3d 717, 718 (7th Cir.1994) ("If the defendant told his lawyer to appeal, and the lawyer dropped the ball, then the defendant has been deprived, not of effective assistance of counsel, but of *any* assistance of counsel on appeal."); *United States v. Horodner,* 993 F.2d 191, 195 (9th Cir.1993); *Abels v. Kaiser,* 913 F.2d 821, 823 (10th Cir.1990). *Cf. Lombard v. Lynaugh,* 868 F.2d 1475, 1480 (5th Cir.1989). Prejudice in the *Strickland v. Washington* sense of

---

[2]The following is the text from a letter Guerra sent to the district court on February 22, 1973, seven days following entry of his guilty plea:

> Sir:
>
> Would like [sic] to serve notice to appeal my conviction. I have asked my attorney to come and discuss my case—as yet Mr. A.L. Hernden has not shown up. I believe that there is only a ten (10) days waiting period [sic] in which to appeal. Since I am unable to get a hold of my attorney, I would like this court to send him to me or appoint me an attorney.

the word need not be shown here. *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *Lombard,* 868 F.2d at 1480.[3]

## 2. Prejudice

In addition to cause, Guerra must show actual prejudice to overcome the procedural bar. *Shaid,* 937 F.2d at 232. The movant makes this showing where he demonstrates that, but for the error, he might not have been convicted. In the context of a guilty plea, Guerra must show that absent the error by the district court he would not have pleaded guilty and would have insisted on going to trial. We find that Guerra has made the requisite showing here. We do not find it difficult to imagine that the district court's erroneous statement to Guerra that he faced a possible sentence of 60 years in prison upon conviction on both counts might have led him to enter into plea negotiations for a reduced sent ence on a single count, rather than go to trial and face maximum exposure on both counts.

Because Guerra has shown both cause and prejudice, he has surmounted the procedural bar. We turn to his challenge to the validity of his conviction and sentence.

## IV. Guerra's Sentencing Claim

Federal Rule of Criminal Procedure 11 provides, in relevant part:

> (c) **Advice to Defendant.** Before accepting a plea of guilty or nolo contendere, the court must first address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following:
>
> > (1) ... the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, ...
>
> * * * * * *
>
> (h) **Harmless Error.** Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded.

The error of which Guerra complains, the court's failure to notify him of the correct maximum

---

[3]Because we have found Hernden's representation to have been constitutionally ineffective, we need not address Guerra's claim that the district court's refusal to appoint counsel, and the government's opposition to such appointment, constituted "official interference."

sentence he faced when he entered into plea negotiations with the government, comes under the rubric of Rule 11(c)(1). In *United States v. Johnson,* 1 F.3d 296 (5th Cir.1993) (en banc), we held that all errors made during Rule 11 proceedings are subject to the harmless error analysis contained in Rule 11(h). Our task is to determine whether the district court's failure to inform Guerra that, in fact, he faced only half of what he thought he faced, constitutes harmless error. We hold that the district court's error was not harmless.

The test for harmlessness focuses on "whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *Id.* at 302. We must base our decision solely on the basis of the Rule 11 transcript and other portions of the limited record available to us from the plea hearing. *Id.* If information that reveals the defendant's knowledge and understanding at the time the court takes his plea is not found in this limited record, we will not consider it in determining harmlessness; we will not remand a case for fact finding on this point. *Id.*

The transcript of the arraignment and rearraignment reveal the following information. The assistant U.S. attorney prosecuting the case informed Guerra that he faced a possible thirty-year term. At that time, the district court interrupted and stated that because of the prior drug felonies, an enhancement was required, in which position the government concurred. The government then informed Guerra that he faced *sixty* years on the indicted charges, that the terms could run consecutively, and that they might not run concurrently with a pending state conviction and sentence. All told, Guerra was informed that he faced a potential seventy years in prison.

The government correctly noted at oral argument that the transcript at rearraignment implies that Guerra may have had other reasons for plea bargaining aside from fear of a lengthy sentence. The transcript shows that Hernden made the following statement to the Court, at the bench:

> Mr. HERNDEN: Judge, I have been talking with the gentleman [Guerra] about changing his plea all along. He didn't think the other guy was going to testify against him but the guy told him—the guy is sitting out there—he was going to testify against him. Can I talk to him a few minutes. [sic]

(App. Record 158). After conversing with Guerra, the transcript reveals that Hernden returned with

8

Guerra's guilty plea. While this information, if accurate as to Guerra's sentiments, does show that this concern was a factor in his decision, it does not prove that the district court's gross sentencing error was not, nor does it prove that the sentencing error was harmless.

In *Johnson,* we stated that application of the harmless error analysis "cannot be viewed as in any way "nullifying important Rule 11 safeguards.' " *Id.* at 302 (quoting advisory committee notes to FED.R.CRIM.P. 11). One of the most important safeguards of Rule 11 is the requirement that a defendant know his possible exposure when he decides to plea. We are loath to permit error on this point, although we have in some situations. *E.g., United States v. Bond,* 87 F.3d 695, 702 (5th Cir.1996) (failure to advise of statutory minimum harmless under circumstances).

In *United States v. Whyte,* 3 F.3d 129 (5th Cir.1993), we were faced with a situation where the trial court had understated the minimum and maximum penalty, term of supervised relief, and maximum fine for the charged offense when informing the defendant of the consequences of his guilty plea. On the minimum penalty, for instance, it understated the minimum penalty by five years. The defendant, however, had previously received the correct sentencing information from his counsel and the court sentenced him to less time than it stated was possible. Nevertheless, we held that the trial court's error was not harmless and ordered that the defendant's conviction be vacated and his guilty plea withdrawn.

We find ourselves in a situation similar to that in *Whyte.* There is nothing in the record indicating that Guerra received the correct information from his counsel, Hernden. Had Hernden realized the district court's error, one would hope he would have brought it to the court's attention. Further, there seems to ue is understated versus where it is overstated. In the former situation, a defendant may be lulled into thinking that a conviction would not be so painful. In the latter situation, a defendant may feel he has no choice but to plea bargain and cut his possible exposure. And, like in *Whyte,* the court's error with respect to possible exposure was severe. We cannot say that the district court's error was not "*a* material factor" affecting Guerra's decision to plead guilty. *Johnson,* 1 F.3d at 302 (quoting *United States v. Bachynsky,* 934 F.2d 1349 (5th Cir.) (en banc), *cert. denied,*

9

502 U.S. 951, 112 S.Ct. 402, 116 L.Ed.2d 351 (1991)) (emphasis added).

## V. Conclusion

For the foregoing reasons, the judgment of the district court is REVERSED and this case is REMANDED with instructions to vacate Guerra's conviction and withdraw his guilty plea.[4] The district court must also determine whether this conviction has been used to enhance the sentence of any other conviction to which Guerra has been subject and, if so, remedy the situation.

---

[4]We note that Guerra has served all of the time it was possible for him to have served. The government will obviously have to decide whether a second prosecution and conviction is worth the trouble.