IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-11414
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS ELVIS EDWARDS; also known as SNOW,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:97-CV-2697-H
USDC No. 3:96-CR-77-2-H
- - - - - - - - - -

December 23, 1999

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Thomas Elvis Edwards, federal prisoner # 28694-077, appeals from the district court's denial of his 28 U.S.C. § 2255 motion, arguing that he was denied effective assistance of counsel due to his counsel's failure to perfect an appeal. Edwards alleges that he asked his attorney to file an appeal, his attorney allegedly said that he would file an appeal, but that counsel never perfected the appeal.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

A criminal defendant has a constitutional right to effective assistance of counsel in his first appeal as of right, absent a waiver of that right. See Evitts v. Lucey, 469 U.S. 387, 393-95 (1985). The failure of counsel to perfect an appeal upon request of his client may constitute ineffective assistance of counsel. United States v. Guerra, 94 F.3d 989, 994 (5th Cir. 1996).

In the plea agreement, Edwards explicitly reserved, among other things, the right to appeal "any error as a result of incorrect calculation of the guidelines." Edwards preserved at least three sentencing issues for appeal by filing objections to the presentence report. In its letter brief, the Government concedes that Edwards' allegations raise a factual issue with respect to his claim that his attorney failed to filed a notice of appeal as Edwards had requested. Accordingly, we VACATE the district court's judgment and REMAND the case for the district court to determine whether there has been an actual or constructive complete denial of any assistance of appellate counsel.

VACATED AND REMANDED.