**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 1 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

JESUS MAGALLANES,

    Defendant-Appellant.

No. 00-2124
(D.C. No. CIV-99-964-JP)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **BRORBY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Defendant Jesus Magallanes, proceeding pro se, seeks review of the district court's order denying his motion to vacate, set aside, or correct his sentence

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

pursuant to 28 U.S.C. § 2255. We previously appointed counsel for defendant and granted a certificate of appealability (COA) under 28 U.S.C. § 2253(c) on the following issues:

> 1. Whether the defendant's conditional guilty plea was entered into knowingly and voluntarily where the district court, in the course of its Federal Rule of Criminal Procedure 11 ("Rule 11") colloquy, did not specifically advise the defendant that he was exposing himself to a higher potential sentence by entering into a conditional guilty plea rather than a traditional guilty plea?
>
> 2. Whether the defendant's conditional guilty plea was entered into knowingly and voluntarily where the district court erroneously stated, in the course of its Rule 11 colloquy, that the defendant's maximum sentencing exposure was 15 years (10 years on Count I and 5 years on Count II), when his actual sentencing exposure was a minimum of 15 years (10 year minimum on Count I and 5 year minimum on Count II) and a maximum of life imprisonment plus 5 years?
>
> 3. Whether the issue of the district court's failure to adequately advise the defendant under Rule 11 is procedurally barred or whether the defendant can demonstrate cause and prejudice to justify his failure to raise the issue on direct appeal?
>
> 4. Whether defendant's attorney was constitutionally ineffective for failing adequately to advise the defendant of the potential sentencing consequences of his decision to enter a conditional guilty plea rather than a traditional guilty plea?

Order dated Oct. 24, 2000, at 1-2. Defendant's appointed counsel and the government have both filed briefs addressing these issues, and we now address the merits.

## I. Background

On May 21, 1997, defendant was indicted on the charges of possession with intent to distribute one kilogram or more of a mixture containing a detectable amount of methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A) (Count I) and carrying a firearm during a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1) (Count II). [1] Defendant subsequently filed a motion to suppress physical evidence, but the district court denied the motion. Defendant then entered a conditional guilty plea to Counts I and II under Federal Rule of Criminal Procedure 11(a)(2). As part of the conditional plea, defendant reserved the right to appeal the denial of his motion to suppress and to withdraw his guilty plea if the denial was overturned on appeal. However, defendant received no promises from the government with respect to sentencing on Counts I and II, and the plea agreement provided that, subject to the minimum and maximum statutory penalties and the applicable federal sentencing guidelines, sentencing was in the sole discretion of the district court.

---

[1]     The methamphetamine mixture and firearm were discovered in defendant's vehicle after he was stopped by agents of the New Mexico Motor Transportation Division while driving on U.S. Highway 54. The background facts pertaining to the seizure of the drugs and firearm are set forth in our prior unpublished order and judgment regarding defendant's direct appeal. *See United States v. Magallanes* , No. 98-2238, 1999 WL 252396, at **1-2 (10th Cir. Apr. 23, 1999).

On July 16, 1998, the district court sentenced defendant to consecutive terms of imprisonment of eleven years and three months on Count I and five years on Count II, for a total term of imprisonment of sixteen years and three months. Defendant then filed a direct appeal raising only the suppression issue, and this court affirmed the district court's denial of defendant's motion to suppress physical evidence. *See United States v. Magallanes*, No. 98-2238, 1999 WL 252396, at **3 (10th Cir. Apr. 23, 1999). On August 23, 1999, defendant filed his § 2255 motion in the district court. The district court denied the motion without a hearing on March 29, 2000.

## II. Discussion

### A. Defendant's Claim Under Rule 11(d)

Federal Rule of Criminal Procedure 11(d) provides that the district court "shall not accept a plea of guilty . . . without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from the plea agreement." Defendant claims that the district court violated Rule 11(d) at the plea hearing held on March 9, 1998, because the district court failed to advise him that he was exposing himself to a longer potential sentence by entering a conditional plea, as opposed to a traditional plea with no appeal rights. In support of this claim, defendant alleges that, in addition to offering the conditional plea, the government also offered him

the alternative of entering a traditional plea of guilty to Counts I and II in exchange for a total sentence of ten years' imprisonment on both counts with no appeal rights. According to defendant, the district court's failure to advise him of the different consequences of the two pleas, and in particular of the risks associated with the conditional plea, rendered his plea involuntary.

We hold that defendant's Rule 11(d) claim is procedurally barred. "[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review." *Bousley v. United States*, 523 U.S. 614, 621 (1998); *see also United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995) ("Section 2255 motions are not available to test the legality of matters which should have been raised on direct appeal") (quotation omitted). Because defendant failed to raise his Rule 11(d) claim on direct appeal, he is prohibited from raising it as part of his § 2255 motion unless he can show "cause" to justify the procedural default and actual "prejudice." *See Bousley*, 523 U.S. at 622. [2]

The only "cause" alleged by defendant is his assertion that the Rule 11(d) claim is "novel." While a claim that "is so novel that its legal basis is not reasonably available to counsel may constitute cause for a procedural default,"

---

[2]     A defendant can also surmount a procedural bar by showing that he is "actually innocent." *Bousley*, 523 U.S. at 622; *accord Beavers v. Saffle*, 216 F.3d 918, 922-23 (10th Cir. 2000). Defendant has failed to make any showing as to his actual innocence.

*id.* at 622 (quotation omitted), defendant has not established the requisite novelty here. To the contrary, defendant's claim under Rule 11(d) was equally available at the time of his direct appeal, and there was no intervening change in the law or other change in circumstances that justify the failure to raise the claim on direct appeal. Accordingly, defendant has failed to establish sufficient cause to justify the procedural default on his Rule 11(d) claim.

Defendant's Rule 11(d) claim also fails on the merits. First, there is no evidence in the record indicating that the district court was even aware that the government had offered defendant a traditional plea, and Rule 11(e)(1) prohibited the district court from "participat[ing] in any discussions between the parties concerning any such plea agreement." Fed. R. Crim. P. 11(e)(1). Second, once a defendant decides to accept a specific plea offer, there is no requirement under Rule 11(d) that the district court must go beyond the specific offer and also advise the defendant about the other types of plea agreements that are generally permitted by Rule 11. *See United States v. Fisher*, 772 F.2d 371, 375 (7th Cir. 1985). In the absence of any specific authority to the contrary, we see no reason why this same rule should not apply to other plea offers that are made by the government, but rejected by the defendant.

B.  Defendant's Claim Under Rule 11(c)(1)

Under Federal Rule of Criminal Procedure 11(c)(1), before accepting a plea of guilty, the district court must advise the defendant of "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." Fed. R. Crim. P. 11(c)(1).  At the plea hearing, the district court advised defendant that he was facing a maximum sentence of ten years on Count I and a maximum sentence of five years on Count II to be served consecutively to the sentence on Count I.  However, under 21 U.S.C. § 841(b)(1)(A), defendant was actually facing a minimum sentence of ten years and a maximum sentence of life on Count I. [3]  Thus, while defendant was actually facing a minimum combined sentence of fifteen years in prison on Counts I and II, the district court incorrectly informed him that fifteen years was the maximum sentence he was facing on both counts.

Although district courts are required to comply with the procedures set forth in Rule 11, their failure to do so does not call for automatic reversal.  *United States v. Gigot*, 147 F.3d 1193, 1197 (10th Cir. 1998).  "Rather, '[a]ny variance from the procedures required by [Rule 11] which does not affect substantial rights

---

[3]    Although not material to the issues on this appeal, the district court's statement that defendant was facing a maximum sentence of five years on Count II was also incorrect.  Instead, under 18 U.S.C. § 924(c)(1) (1996), defendant was facing a mandatory sentence of five years, with no mandatory minimum or maximum sentence.

shall be disregarded' as harmless error." *Id.* (quoting Fed. R. Crim. P. 11(h)). "To determine whether a Rule 11 error is harmless (i.e., whether the error affects substantial rights), we focus on whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *Id.* at 1197-98 (quotation omitted).

Based on the present record, defendant has alleged a colorable claim under Rule 11(c)(1). *See Gigot*, 147 F.3d at 1199-1200 (holding on direct appeal that defendant's guilty plea was involuntary because, inter alia, district court incorrectly advised her at plea hearing of minimum and maximum sentences she was facing in violation of Rule 11(c)(1)). However, as with his claim under Rule 11(d), defendant procedurally defaulted on his Rule 11(c)(1) claim by failing to raise it on direct appeal. *See Bousley*, 523 U.S. at 621. Nonetheless, defendant has alleged sufficient cause for the default based on his claim that his appellate counsel was ineffective in failing to raise the Rule 11(c)(1) violation on direct appeal. *See Cook*, 45 F.3d at 392. Defendant has also alleged sufficient prejudice to overcome the procedural default based on his allegation that he would not have accepted the conditional plea if he had been advised of the correct minimum and maximum sentences. *See United States v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996) (to show prejudice in guilty plea context, defendant must show that he

would not have pled guilty if district court had advised him of correct maximum sentence).

C. Ineffective Assistance of Appellate Counsel

"To establish a claim for ineffective assistance of counsel, a defendant must show that (1) his counsel's performance was constitutionally deficient, and (2) counsel's deficient performance was prejudicial." *Cook*, 45 F.3d at 392 (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "When a defendant alleges his appellate counsel rendered ineffective assistance by failing to raise an issue on appeal, we examine the merits of the omitted issue. If the omitted issue is without merit, counsel's failure to raise it does not constitute constitutionally ineffective assistance of counsel." *Id.* at 392-93 (citation and quotation omitted). "Conversely, an appellate advocate may deliver deficient performance and prejudice a defendant by omitting a 'dead-bang winner,' even though counsel may have presented strong but unsuccessful claims on appeal." *Id.* at 395 (citation omitted). A "dead-bang winner" is "an issue which was obvious from the trial record, *and* one which would have resulted in a reversal on appeal." *Id.* (citation omitted).

The present record is insufficient to determine whether defendant's Rule 11(c)(1) claim was a "dead-bang winner." Most importantly, a district court's failure to advise a defendant of the correct minimum and maximum

sentences is harmless error if the defendant had actual knowledge of the correct information from other sources. *See United States v. Young*, 927 F.2d 1060, 1061-62 (8th Cir. 1991) (holding that district court's failure to advise defendant of mandatory minimum and maximum sentences was harmless error where defendant was aware of sentences from indictment, plea agreement, and prosecutor's statements at plea hearing). Here, defendant claims that he did not have actual knowledge of the correct sentencing information because his counsel failed to advise him of the correct information and he was not provided with an adequate opportunity to read the plea agreement. [4] However, the district court has not made any specific factual findings on these issues, and defendant's allegations are unsubstantiated. We hold, therefore, that an evidentiary hearing is necessary so that the district court can make specific factual findings regarding: (1) whether defendant was advised by his counsel of the correct minimum and maximum sentences prior to entering his plea; and (2) whether defendant was informed of

---

[4] The government claims that defendant "verbally acknowledged to the district court in open court [at the plea hearing] that his counsel fully reviewed the Plea Agreement with him and he understood its contents." Appellee's Opening Brief at 22. The transcript of the plea hearing does not support this claim, however, as the district court did not ask defendant any questions about the plea agreement.

the correct sentencing information prior to entering his plea from other sources such as the plea agreement or the arraignment. [5]

D. Ineffective Assistance of Trial Counsel

Defendant alleges that his trial counsel was ineffective in failing to advise him regarding: (1) the different consequences and risks of the conditional plea he accepted versus the traditional plea allegedly offered by the government; and (2) the likelihood of this court overturning the district court's denial of the motion to suppress on direct appeal. Defendant also alleges that his trial counsel was ineffective in informing him that he would only spend a maximum of five years in prison if he accepted the conditional plea.

"A guilty plea entered upon the advice of counsel is invalid if . . . the advice of defendant's counsel was not within the range of competence demanded of attorneys in criminal cases." *United States v. Carr*, 80 F.3d 413, 416 (10th Cir. 1996) (citation omitted). Specifically, "a plea may be involuntary if the attorney materially misinforms the defendant of the consequences of the plea." *Id.* at 418 (quotation omitted).

---

[5] The government argues that the district court's violation of Rule 11(c)(1) was subsequently cured when the district court advised defendant of the correct sentencing information at the sentencing hearing. However, information obtained by defendant after he pled guilty is not relevant to the determination of whether his plea was voluntary at the time it was entered. *See Gigot*, 147 F.3d at 1199 (holding that Rule 11(c)(1) violation was not subsequently cured by information contained in presentence report).

Based on the present record, defendant has alleged a colorable claim that his plea was involuntary because of the ineffective assistance of his trial counsel. However, as with his claim of ineffective assistance of appellate counsel, defendant's allegations are unsubstantiated, and an evidentiary hearing is necessary so that the district court can make specific factual findings regarding the performance of defendant's trial counsel and any resulting prejudice to defendant. Further, the district court must determine whether the government actually offered defendant a traditional plea in exchange for a ten-year sentence on both Counts I and II, as well as the availability of the offer at the time defendant accepted the conditional plea.

For the foregoing reasons, the amended order entered by the district court on March 29, 2000, denying defendant's motion under 28 U.S.C. § 2255 is VACATED in part, and this matter is REMANDED to the district court for further proceedings consistent with this order and judgment. Except for the issues set forth in the prior order entered by this court on October 24, 2000, defendant's application for a certificate of appealability is DENIED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge


-12-