United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 13, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-20636
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

J. BRENT LIEDTKE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CV-3973
USDC No. H-97-CR-52-3
--------------------

Before JOLLY, HIGGINBOTHAM, and PICKERING, Circuit Judges.

PER CURIAM:[*]

J. Brent Liedtke, federal prisoner # 83237-079, was convicted by a jury of one count of conspiring to manufacture in excess of one kilogram of a mixture and substance containing a detectable amount of methamphetamine (Count One) and of one count of possession of phenylacetic acid with the intent to manufacture methamphetamine (Count Four). He was sentenced to concurrent terms of 233 months' imprisonment and five years' supervised release on each count. Liedtke's direct appeal was dismissed when Liedtke failed to file a timely appellate brief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Liedtke filed a 28 U.S.C. § 2255 motion raising 12 issues. He was denied leave to amend his motion. The district court denied relief. This court granted Liedtke's motion for a certificate of appealability (COA) on the following issues: (1) Whether, assuming the truth of Liedtke's allegations regarding the actions of prison officials, Liedtke could establish a claim for denial of access to the courts; (2) whether Liedtke had established cause and prejudice for failing to challenge on direct appeal his five-year term of supervised release on Count Four; and (3) whether the district court erred in denying leave to amend. A COA was denied as to all other issues.

Denial of access to the courts

Liedtke's claim of denial of access to the courts revolves around allegations regarding the handling of his pro se appellate brief by prison officials. He avers that he had substantially completed the brief by October 21, 2000, but that he was denied access to the document until November 2, 2000, due to closure of the prison library and a prison lockdown. Upon regaining access, Liedtke avers, he placed the brief in the prison mail system for delivery to his wife for completion and filing, and requested an extension of time from this court. Liedtke alleges that prison officials delayed mailing the brief for several days.

To prevail on a claim that his right of access to the courts has been violated, a prisoner must demonstrate prejudice by

showing that his ability to pursue a "nonfrivolous," "arguable" legal claim was hindered by the defendants' actions. See Christopher v. Harbury, 536 U.S. 403, 415 (2002). The right of access to the court is not unlimited, but "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging . . . convictions or conditions of confinement." Jones v. Greininger, 188 F.3d 322, 325 (5th Cir. 1999).

A review of this court's records shows that Liedtke had from July 5, 2000, to November 6, 2000, to timely file an appellate brief. See FED. R. APP. P. 26(a)(1). Liedtke was granted several extensions of time, and, despite being informed that no more extensions would be granted, he failed to timely file his appellate brief and instead requested yet another extension. The facts alleged by Liedtke do not rise to a constitutional infringement on the right of access to the courts. See Christopher, 536 U.S. at 415; Jones, 188 F.3d at 325.

Cause and prejudice

Based on the same facts supporting his claim of denial of access to the courts, Liedtke argues that he has established cause for failing to file his appellate brief. "[A] 'collateral challenge may not do service for an appeal.'" United States v. Shaid, 937 F.2d 228, 231 (5th Cir. 1991) (en banc). If a 28 U.S.C. § 2255 movant could have raised his jurisdictional or constitutional issues on direct appeal, he may not raise them for the first time on collateral review unless he shows cause for his

procedural default and actual prejudice resulting from the error or that the constitutional violation has probably resulted in the conviction of one who is actually innocent. See id. at 232. To satisfy the "cause" standard, a petitioner must "show that 'some objective factor external to the defense' prevented him from raising on direct appeal the claim he now advances." United States v. Guerra, 94 F.3d 989, 993 (5th Cir. 1996) (citations omitted).

We have determined that Liedtke's allegations do not establish "cause" for his procedural default. See id. Because Liedtke has failed to overcome the procedural bar, he is not entitled to relief. See Shaid, 937 F.2d at 232.

Denial of leave to amend

Lietke contends that the district court erred in denying leave to amend his 28 U.S.C. § 2255 motion. "It is within the district court's discretion to deny a motion to amend if it is futile." Stripling v. Jordan Production Co., LLC, 234 F.3d 863, 872-73 (5th Cir. 2000). Because Liedtke has failed to establish cause for his procedural default with respect to his direct appeal, he cannot meet the cause-and-prejudice requirement with respect to the claims he sought to add by way of amendment. See Shaid, 937 F.2d at 232. The district court did not reversibly err in denying leave to amend. See Stripling, 234 F.3d at 872-73.

AFFIRMED.