# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 1, 2010

No. 09-10009
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THOMAS REEDY,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:07-CV-24
USDC No. 4:00-CR-54-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Thomas Reedy, federal prisoner # 25673-177, was convicted by a jury of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

various counts relating to child pornography. In his 28 U.S.C. § 2255 motion, he argued in relevant part that he had learned through new evidence that the government violated his due process rights by presenting a trial exhibit that had been fraudulently manufactured by prosecution witnesses. The district court determined that that claim was procedurally barred, because Reedy could have raised it at trial or on direct appeal. This court granted a certificate of appealability ("COA") on the questions "[w]hether Reedy has established cause for his failure to raise this issue on direct appeal . . . and . . . [w]hether Reedy is able to establish that the presentation at trial of the purportedly manufactured exhibit resulted in prejudice to Reedy." We also granted a COA on the question whether the district court erred in failing to hold an evidentiary hearing with respect to this claim.

Before this court, Reedy seeks to supplement the record with exhibits that he did not present in the district court, comprising a June 2007 magazine article and two affidavits obtained in January 2010. "An appellate court may not consider new evidence furnished for the first time on appeal and may not consider facts which were not before the district court at the time of the challenged ruling." *Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999). As a result, Reedy's motion to supplement is DENIED.

On appeal, Reedy asserts that he has established cause for his procedural default, because he is relying on a 2005 magazine article that examined investigations and trials occurring in Great Britain in the wake of his conviction. He maintains that he is unable to access newer technologies and that without the information provided in that article, he could not have discovered earlier that the trial exhibit was fraudulent. A review of the magazine article in question reflects that the author visually ascertained discrepancies in the exhibit and corroborated his findings by considering a public access website created before Reedy's trial that provided archives of webpages.

There is no indication that the purported falsity of the exhibit required

other technological advances, and Reedy's conclusional assertion that he needed access to such computing improvements is insufficient to warrant relief. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Reedy does not explain why he was unable to conduct a similar visual inspection of the exhibit at the time of trial. Although he contends that he was unaware of the existence of the archival website until he read the 2005 article, he has not established that "the factual . . . basis for the claim was not reasonably available" at the time of trial. *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996).

Because Reedy has not established "that 'some objective factor external to the defense' prevented him from raising" the claim, he has not established cause to overcome the procedural bar. *Id.* (citation omitted). We thus need not address whether he has established that he will suffer prejudice as a result of imposing the bar. *See United States v. Frady*, 456 U.S. 152, 168 (1982).

Reedy maintains that his conviction was the result of a miscarriage of justice and that he is actually innocent. Although a claim of miscarriage of justice may constitute an exception to the cause-and-prejudice test, the evidence presented at trial and in conjunction with Reedy's § 2255 motion does not reflect that this is "an extraordinary case . . . in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc) (internal quotation marks and citation omitted). Additionally, "[n]o evidentiary hearing is required" if a prisoner is unable to satisfy the cause and prejudice standard for overcoming a procedural bar. *Woods v. Whitley*, 933 F.2d 321, 323 (5th Cir. 1991). As a result, the judgment denying habeas corpus relief is AFFIRMED.