# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 8, 2013

Lyle W. Cayce
Clerk

No. 12-40285
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSVALDO YOVANI CASTILLO,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CR-15-1

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Osvaldo Yovani Castillo, federal prisoner # 16215-078, pleaded guilty to possession with intent to distribute five kilograms or more of cocaine. He was sentenced to 120 months of imprisonment and five years of supervised release. Castillo filed a motion to compel the Government to file a motion for reduction of sentence pursuant to Federal Rule of Criminal Procedure 35(b). The district court denied Castillo's motion.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 12-40285

On appeal, Castillo asserts that his motion filed in the district court was intended to be a 28 U.S.C. § 2255 motion. He asserts that he intended to allege that counsel was ineffective for failing to file a direct appeal and that his sentence is improper.

Castillo's claims are unavailing. Castillo's motion filed in the district court only argues that he is entitled to a reduction in his sentence pursuant to Rule 35(b) because he provided substantial assistance to the Government. Castillo's motion does not allege any constitutional claim concerning the validity of his conviction or sentence or a claim concerning his past or present desire to file a direct appeal. *See Tolliver v. Dobre*, 211 F.3d 876, 877-78 (5th Cir. 2000); *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996). Even with liberal construction, there was no indication that Castillo's intent was to file a § 2255 motion and not a motion to compel the Government to file a Rule 35(b) motion.

Additionally, Castillo's appellate brief does not set forth any legal arguments or authority or factual analysis challenging the district court's denial of his motion to compel the Government to file a Rule 35(b) motion. By failing to set forth and brief any issues relating to the district court's ruling on this motion, Castillo has waived review of any such claims. *See United States v. Thames*, 214 F.3d 608, 611 n.3 (5th Cir. 2000).

The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED. The Government's alternative motion for an extension of time in which to file a brief is DENIED as unnecessary.