# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60415
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 22, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWARD DONNELL AMMONS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CR-74-1

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Pursuant to an agreement with the Government, Edward Donnell Ammons pleaded guilty to one count each of conspiracy to possess with intent to distribute 100 grams or more of heroin and possession of a firearm by a felon. The district court imposed concurrent 188-month within-guidelines sentences on each count. Ammons appeals his sentences, arguing that they were improperly calculated and/or enhanced, including under the Armed Career

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60415

Criminal Act (ACCA). *See* 18 U.S.C. § 924(e)(1). The Government moves to dismiss the appeal, or, alternatively, for summary affirmance, asserting that Ammons's challenges to his sentences are barred by the appeal waiver contained in his plea agreement.

"This court reviews de novo whether an appeal waiver bars an appeal." *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1174 (2015). In so doing, we "conduct a two-step inquiry: (1) whether the waiver was knowing and voluntary and (2) whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Bond*, 414 F.3d 542, 544 (5th Cir. 2005).

At the plea hearing, Ammons affirmed to the district court that he had read and discussed with counsel all of the terms of the plea agreement, including the waiver of his right to appeal, and that he both understood and voluntarily agreed to those terms. The record thus reflects that Ammons knew he had a right to appeal and that he was giving up that right. *See United States v. McKinney*, 406 F.3d 744, 746 n.2 (5th Cir. 2005). To the extent Ammons asserts that his plea was not knowing and voluntary because he did not learn of his potential exposure to an enhanced sentence under the ACCA until after he entered the plea, *see United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996), that assertion is contradicted by the record, which reflects that Ammons was expressly advised about, and affirmed his understanding of, the potential ACCA enhancement prior to his guilty plea. Accordingly, the first step of our inquiry satisfies us that Ammons's plea was both knowing and voluntary. *See Bond*, 414 F.3d at 544; *United States v. Dees*, 125 F.3d 261, 269 (5th Cir. 1997).

No. 15-60415

Moreover, afforded its plain meaning, the language of the appeal waiver in Ammons's plea agreement "applies to the circumstances at issue" in this case. *United States v. Harrison*, 777 F.3d 227, 233 (5th Cir. 2015). That waiver expressly bars an appeal "on any ground whatsoever," except for a sentence based on a departure from the Sentencing Guidelines. As the district court imposed concurrent sentences within the applicable guidelines range, there was no departure. *See Irizarry v. United States*, 553 U.S. 708, 714 (2008); *United States v. Jacobs*, 635 F.3d 778, 782 (5th Cir. 2011). Although Ammons argues for an expansive definition of "departure" that would encompass any claimed misapplication of the Guidelines, we adhere to the Supreme Court's strict delineation of that term. *See Irizarry*, 553 U.S. at 714.

By its plain terms, to which Ammons freely and intelligently acceded, the appeal waiver in this case suffices to bar review of Ammons's sentences on the grounds asserted. *See Bond*, 414 F.3d at 544; *McKinney*, 406 F.3d at 746. The Government is entitled to enforcement of that waiver on contractual grounds. *See United States v. Story*, 439 F.3d 226, 230 n.5 (5th Cir. 2006). Accordingly, the motion to dismiss the appeal is GRANTED, and the appeal is hereby DISMISSED. The motion for summary affirmance is DENIED.