# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 19, 2021

Lyle W. Cayce
Clerk

No. 21-40351
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlton Chadbourne Sayers,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:17-CR-46-1

Before King, Costa, and Ho, *Circuit Judges*.

Per Curiam:*

Carlton Chadbourne Sayers appeals his guilty-plea conviction of and sentences for wire fraud and aggravated identity theft. *See* 18 U.S.C. §§ 1028A, 1343. The district court sentenced Sayers to a total of 132 months in prison and three years of supervised release.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-40351

Sayers contends that the district court erred in concluding that his guilty plea was knowing and voluntary because he was erroneously advised of the statutory maximum term of supervised release for the wire fraud charge. Additionally, he asserts that his plea was unknowing because he was unaware when he pleaded guilty that the district court would deny him a reduction to his offense level under U.S.S.G. § 3E1.1. The record establishes that the magistrate judge at rearraignment and the written plea agreement correctly advised Sayers of the five-year statutory maximum term of supervised release as to the charge of wire fraud affecting a financial institution. *See* 18 U.S.C. §§ 1343, 3583(b)(1), 3559(a)(2). Sayers thus shows no error, much less a clear or obvious one, on this unpreserved challenge. *See* FED. R. CRIM. P. 11(b)(1)(H); *United States v. Castro–Trevino*, 464 F.3d 536, 541 (5th Cir. 2006).

The record also establishes that the magistrate judge and the written plea agreement both advised Sayers that the district court was not bound by the parties' stipulations in the plea agreement, including the stipulation as to an offense level reduction under § 3E1.1. More importantly, the magistrate judge correctly informed Sayers of the statutory maximum penalties for the charged offenses; Sayers thus was aware of the relevant consequences of his plea of guilty, and he has shown no clear or obvious error in the district court's acceptance of his plea as knowing and voluntary. *See Castro–Trevino*, 464 F.3d at 541; *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996).

The judgment of the district court is AFFIRMED.