# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 29, 2022

Lyle W. Cayce
Clerk

No. 21-11045
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTHONY LEE MARTINEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-90-1

Before BARKSDALE, HIGGINSON, and HO, *Circuit Judges*.

PER CURIAM:*

Anthony Lee Martinez pleaded guilty to possession of a firearm after a felony conviction, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). In his plea agreement, Martinez generally waived his right to appeal his conviction and sentence, reserving the right to, *inter alia*, challenge the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

voluntariness of the agreement. Pursuant to the above-described exception to the appeal-waiver, Martinez contends his plea was not knowing and voluntary, claiming, as discussed *infra*, the magistrate judge failed to comply with Federal Rule of Criminal Procedure 11. *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996) (A guilty plea must be a "voluntary, knowing, and intelligent act".).

As he concedes, Martinez did not preserve this issue in district court. Therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, Martinez must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *E.g.*, *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, our court has the discretion to correct such reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

Martinez contends: the magistrate judge, by failing to *fully* explain the terms of the waiver provision in the plea agreement, violated Rule 11(b)(1)(N), which requires the court to "inform the defendant of, and determine . . . the defendant understands", the terms of any appeal waiver in his agreement. Fed. R. Crim. P. 11(b)(1)(N). Martinez' plea agreement clearly and unambiguously included the waiver of his right to appeal his conviction and sentence, subject to identified exceptions. At rearraignment, the magistrate judge referred to the appeal-waiver provision, and Martinez confirmed he read it, fully understood it, discussed it with his attorney, and knowingly and voluntarily waived his right to appeal. Further, Martinez confirmed he understood the terms of his appeal waiver by signing the plea agreement.

In these circumstances, Martinez has not demonstrated the requisite clear-or-obvious error concerning Rule 11(b)(1)(N).  *E.g.*, *United States v. Oliver*, 630 F.3d 397, 412 (5th Cir. 2011) (ruling appeal waiver provision valid without court fully reciting the terms of the plea agreement); *United States v. Portillo*, 18 F.3d 290, 292-93 (5th Cir. 1994) (holding plea agreements will be enforced where record clearly showed defendant read plea agreement, understood its contents, sought a guilty plea, and raised no issue regarding an appeal-waiver provision, "regardless of whether the court specifically admonished him concerning the waiver of appeal").

AFFIRMED.