**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4322

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRUCE RALPH STURTZ,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Paul W. Grimm, Senior District Judge. (8:19-cr-00089-PWG-1)

Argued: January 27, 2023                    Decided: June 14, 2023

Before NIEMEYER, KING, and DIAZ, Circuit Judges.

Dismissed by published opinion. Judge Niemeyer wrote the opinion, in which Judge King and Judge Diaz joined.

**ARGUED:** Cullen Oakes Macbeth, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Greenbelt, Maryland, for Appellant. Leah Blom Grossi, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON BRIEF:** James Wyda, Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Baltimore, Maryland, for Appellant. Erek L. Barron, United States Attorney, Baltimore, Maryland, Joseph R. Baldwin, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

NIEMEYER, Circuit Judge:

After Bruce Sturtz pleaded guilty pursuant to a plea agreement to possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2), the district court sentenced him to 120 months' imprisonment, the bottom of the advisory guidelines range. That range was determined, in part, by the district court's conclusion that Sturtz was subject to the mandatory minimum sentence of 120 months' imprisonment that is required by § 2252A(b)(2) when a defendant has a prior conviction for a qualifying sex offense. *See* 18 U.S.C. § 2252A(b)(2); *see also* U.S.S.G. § 5G1.1(c)(2) (providing that a guidelines sentence may not be "less than any statutorily required minimum sentence"). The district court found that Sturtz's prior conviction under Maryland law for a sexual offense in the third degree, *see* Md. Code Ann., Crim. Law § 3-307, qualified as a predicate for the § 2252A(b)(2) enhancement.

In his plea agreement, Sturtz reserved the right to challenge *at the time of sentencing* whether his prior state-court conviction triggered the enhancement under § 2252A(b)(2). But he waived the right to appeal his "conviction . . . on the ground that [his prior Maryland conviction] does trigger [that] statutory mandatory minimum penalty." Indeed, he waived his right to appeal any issue relating to his conviction, as well as any issue relating to his sentence, except for "the right to appeal any term of imprisonment to the extent that it exceeds any sentence within the advisory guidelines range resulting from an offense level of 30."

In this appeal, Sturtz now seeks review of the district court's ruling that his prior Maryland conviction qualified as a predicate conviction under § 2252A(b)(2), which

2

triggered the 120-month mandatory minimum sentence. The government, however, contends that Sturtz waived his right to appeal that issue in his plea agreement and requests that we dismiss his appeal.

We agree with the government that the issue Sturtz seeks to present on appeal is covered by his appeal waiver, and accordingly we dismiss this appeal.

I

In October 2017, officers working with the Internet Crimes Against Children Task Force executed a search warrant at Bruce Sturtz's residence in Gaithersburg, Maryland, and seized several electronic devices, which contained a total of at least 1,356 videos of child pornography and 16 images of child pornography. Sturtz was thereafter charged with one count of *distributing* child pornography, in violation of 18 U.S.C. § 2252A(a)(2), and one count of *possessing* child pornography, in violation of § 2252A(a)(5)(B) and (b)(2), the latter of which provides a 120-month mandatory minimum sentence for possession of child pornography if the defendant has a qualifying prior conviction. The indictment alleged that Sturtz had such a qualifying prior conviction — namely, his 2000 conviction for sexual offense in the third degree, in violation of Md. Code Ann. Art. 27, § 464B (1999) (recodified in 2002 as Md. Code Ann., Crim. Law § 3-307).

Sturtz thereafter agreed to plead guilty with a plea agreement to Count Two (the possession count) in return for the government's agreement to dismiss Count One (the distribution count).

In the plea agreement, Sturtz agreed to plead guilty to the charged offense and acknowledged that the district court would determine his advisory sentencing range under the Sentencing Guidelines. The agreement provided that the parties expected the relevant Guidelines to apply in such a way that Sturtz's total offense level would be 30. Although the agreement contained no similar understanding with respect to Sturtz's criminal history, the parties do not dispute that it is Category II. The agreement recognized that the government and Sturtz disagreed as to whether his prior Maryland conviction qualified as a predicate for purposes of the § 2252A(b)(2) sentencing enhancement, and accordingly, the agreement reserved to Sturtz "the right to argue *at the time of sentencing* that [his] criminal history [did] not trigger [the] statutory mandatory minimum penalty of 10 years under 18 U.S.C. § 2252A(b)(2) for the offense to which [he was] pleading guilty." (Emphasis added).

The plea agreement also contained an appeal waiver, under which Sturtz waived his rights to appeal both his conviction and his sentence, with one narrow exception. The appeal waiver provided that Sturtz waived "all right . . . to appeal [his] conviction on any ground whatsoever," including "on the ground that [his] criminal history does trigger a statutory mandatory minimum penalty under 18 U.S.C. § 2252A(b)(2) for the offense to which [he] [was] pleading guilty." It also provided that Sturtz and the government waived "all rights . . . to appeal whatever sentence is imposed . . . for any reason (including the establishment of the advisory sentencing guidelines range . . . ), except as follows:

> [Sturtz] reserves the right to appeal any term of imprisonment to the extent that it exceeds any sentence within the advisory guidelines range resulting from an offense level of 30; and

[The government] reserves the right to appeal any term of imprisonment to the extent that it is below any sentence within the advisory guidelines range resulting from an offense level of 30.

At the plea hearing, the district court reviewed with Sturtz the important terms of his plea agreement, including that Sturtz had reserved the right to argue at sentencing that his prior Maryland conviction did not trigger the mandatory minimum 120-month sentence for Count Two. The court advised Sturtz that it would resolve that dispute at the time of sentencing. The court also reviewed with Sturtz the scope of his appeal waiver, stating, "If I sentence you to a sentence that's higher than an offense level 30, then you would be able to appeal. If I sentence you to an offense level below a 30, the government could appeal. Otherwise, you have given up, as part of this agreement, your right to appeal." Sturtz stated that he understood the plea agreement, and after the court determined that Sturtz was entering his plea knowingly, intelligently, and voluntarily, it accepted his guilty plea.

In preparation for sentencing, the probation officer prepared a presentence report, which determined, consistent with the parties' expectations, that Sturtz had a total offense level of 30. It also determined that Sturtz had a Criminal History Category II based on his prior Maryland conviction for "sex offense third degree." In addition, the report concluded that Sturtz's prior Maryland conviction triggered the 120-month mandatory minimum sentence, as provided in § 2252A(b)(2). Accordingly, the report concluded that the advisory guidelines range was 120 to 135 months' imprisonment, applying U.S.S.G. § 5G1.1(c)(2), which provides that any guidelines sentence cannot be less than the statutory mandatory minimum sentence.

5

Sturtz objected to the presentence report, arguing, as relevant here, that his prior Maryland conviction did not qualify as a predicate conviction for the sentencing enhancement under § 2252A(b)(2) and that therefore he was not subject to the 120-month mandatory minimum sentence. Without that enhancement, his advisory sentencing guidelines range would have been 108 to 135 months' imprisonment.

At the sentencing hearing, the district court began by recognizing that the "overarching issue" for sentencing was "whether the 10-year mandatory minimum applies." After hearing arguments on that issue, the court found that Sturtz's prior Maryland conviction did qualify and that therefore the mandatory minimum in § 2252A(b)(2) applied, resulting in an advisory guidelines sentencing range of 120 to 135 months' imprisonment. The court then sentenced Sturtz at the bottom of the guidelines range, to 120 months' imprisonment, but it indicated that it would have imposed a substantially shorter sentence "if the mandatory minimum were not applicable."

From the district court's judgment, Sturtz filed this appeal, seeking only to challenge the district court's ruling that his prior Maryland conviction qualified to trigger the mandatory minimum sentence of 120 months' imprisonment under § 2252A(b)(2).

II

Based on Sturtz's plea agreement and his waiver of the right to appeal as contained in that agreement, the government argues that his appeal must be dismissed. Accordingly, we first examine the plea agreement and, in particular, the scope of Sturtz's waiver of his right to appeal.

6

In his plea agreement, Sturtz pleaded guilty to Count Two of the indictment, which charged him with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2).  With respect to subsection (b)(2), the indictment alleged that Sturtz had a prior conviction for sexual offense in the third degree under Maryland law and that such offense qualified as a crime "relating to . . . sexual abuse," 18 U.S.C. § 2252A(b)(2), which, if established, would increase the penalty under Count Two from no minimum and a maximum of 240 months' imprisonment to a minimum of 120 months' imprisonment and a maximum of 240 months.  These allegations of the indictment are specifically described in the plea agreement, and in signing the agreement, Sturtz "reserve[d] the right to argue *at the time of sentencing*" that his prior Maryland conviction did not qualify as a predicate conviction triggering a mandatory minimum "for the offense to which [he] [was] pleading guilty."  (Emphasis added).  But he also agreed that if the court ruled against him on that issue, he could not appeal the ruling:

> [Sturtz] knowingly waives all right . . . to appeal [his] conviction . . . on the ground that [his] criminal history does trigger a statutory mandatory minimum penalty under 18 U.S.C. § 2252A(b)(2) for the offense to which [he] is pleading guilty.

Even though the enhancement only affected sentencing, the plea agreement clumsily treated it as a "ground" of "conviction," presumably because it was charged in the indictment.  In this respect, the agreement stated that the enhancement was a penalty "for the offense to which [Sturtz] [was] pleading guilty . . . that could affect [his] ultimate sentence in this case."  But regardless of whether the enhancement was a sentencing matter or a ground of conviction, the agreement unequivocally provided that Sturtz waived the

right to appeal the district court's ruling that his prior Maryland conviction "*trigger[ed] a statutory mandatory minimum penalty under 18 U.S.C. § 2252A(b)(2)* for the offense to which [he] [was] pleading guilty." (Emphasis added).

Moreover, in the plea agreement, Sturtz also waived "all rights . . . to appeal whatever sentence is imposed . . . for any reason (*including the establishment of the advisory sentencing guidelines range* . . .), except . . . [he] reserve[d] the right to appeal any term of imprisonment to the extent that it exceed[ed] any sentence within the advisory guidelines range resulting from an offense level of 30." (Emphasis added). And any finding that Sturtz's prior Maryland conviction supported the enhancement would be part of the court's determination of the applicable advisory sentencing guidelines range. *See* U.S.S.G. § 5G1.1(c)(2).

As authorized by the plea agreement, Sturtz made his argument at sentencing that his prior Maryland conviction did not qualify under § 2252A(b)(2) so as to enhance his sentence to a 120-month minimum. The district court, however, ruled against Sturtz on that issue and then proceeded to calculate the applicable sentencing guidelines range. The components for that calculation were (1) an offense level of 30 (as provided in the presentence report and agreed to by Sturtz); (2) Criminal History Category II (as provided in the presentence report and which Sturtz does not dispute); and (3) the qualification of his prior Maryland conviction as a predicate for the enhancement under § 2252A(b)(2) (which the court found over Sturtz's objection). Given these three components, the district court concluded, in conformance with the Sentencing Guidelines, that Sturtz's advisory

8

sentencing range was 120 to 135 months' imprisonment. Selecting the sentence at the bottom of that range, the court sentenced Sturtz to a term of 120 months' imprisonment.

Thus, at this point in the process, Sturtz had acknowledged that it was for the district court to determine his advisory sentencing guidelines range and that a ruling on whether his prior Maryland conviction was a qualifying § 2252A(b)(2) conviction would be made at the sentencing hearing and would determine whether the 120-month minimum sentence would become the floor of his sentencing guidelines range. While he had reserved the right to argue at sentencing that the prior Maryland conviction did not qualify, he also had waived his right "to appeal [his] conviction . . . on the ground that [his] criminal history does trigger a statutory mandatory minimum penalty under 18 U.S.C. § 2252A(b)(2)." And were that not sufficiently clear, he had also waived his right "to appeal . . . the establishment of the advisory sentencing guidelines range," which the district court had determined was the range of 120 to 135 months' imprisonment. Thus, he had expressly waived the right to appeal both the district court's specific ruling on the qualification of his prior Maryland conviction and its determination of his sentencing guidelines range. He had reserved only "the right to appeal any term of imprisonment to the extent that it exceed[ed] any sentence within the advisory guidelines range resulting from an offense level of 30."

Yet, despite those unambiguous waivers, Sturtz filed this appeal, challenging the court's ruling that his prior Maryland conviction qualified to enhance his sentence. He framed the issue in his brief on appeal as follows:

9

> Whether Maryland "third-degree sexual offense" categorically "relat[es] to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward," thereby triggering the ten-year mandatory minimum in 18 U.S.C. § 2252A(b)(2).

But clearly he waived this issue.

Sturtz nonetheless contends on appeal that the district court erred in finding that the mandatory minimum sentence applied and argues therefore that his advisory sentencing range should have been 108 to 135 months' imprisonment. And from that conclusion, he then argues that his 120-month sentence exceeds numerous sentences in the 108 to 135 month range — *i.e.*, those sentences from 108 to 119 months' imprisonment — and that therefore his sentence can be reviewed on appeal based on the exception allowing him to appeal a sentence that "exceeds any sentence within the advisory guidelines range." Thus, his argument is grounded on the premise that the district court erred in determining that the mandatory minimum sentence applied, which led to a further error in the court's calculation of his advisory guidelines range. Yet, he has waived the right to appeal those issues. Thus, he is left with the court-established guidelines range of 120 to 135 months' imprisonment and the fact that his 120-month sentence does not exceed *any* sentence within that range. The exception to his appeal waiver is therefore inapplicable, even under his own interpretation of the exception's language.

In the same vein, Sturtz also argues on appeal that he reserved the right to appeal any sentence exceeding the bottom of the *correctly calculated* guidelines range and that the district court did not correctly calculate his guidelines range because it treated his prior Maryland conviction as a predicate for the § 2252A(b)(2) enhancement. To insert this

10

"correctly calculated" requirement into his agreement, he relies on decisions such as *United States v. Bowden*, 975 F.2d 1080 (4th Cir. 1992). But *Bowden* provides him with little help. There, the defendant "waive[d] any appeal . . . if the sentence imposed . . . [was] within the guidelines promulgated by the United States Sentencing Commission." 975 F.2d at 1081 n.1. We concluded that this waiver did not reach whether the district court's determination of the advisory guidelines range was itself correct and therefore held that the defendant's challenge to that determination could be reviewed on appeal. *See id.* But here, Sturtz's appeal waiver explicitly included the district court's determination *of the advisory guidelines range*. In short, the scopes of the waivers in the two cases are materially distinguishable.

Sturtz also contends that the government, in opposing his motion for release pending appeal, waived its argument that "the advisory guidelines range resulting from an offense level of 30" was 120 to 135 months' imprisonment by describing that range in its opposition as 108 to 135 months' imprisonment. This reasoning, however, provides Sturtz with virtually no support. In arguing that Sturtz should not be released pending appeal, the government addressed the issues as if the mandatory minimum sentence were not triggered, giving Sturtz full credit for his argument, and noted that his sentence still fell in the middle of the 108- to 135-month guidelines range and therefore was not appealable. This was not a waiver of any kind but an argument. But more importantly, it was for the district court, not the government, to determine the advisory guidelines range, and the court determined that range to be 120 to 135 months' imprisonment. Sturtz unequivocally waived his right to appeal that determination.

11

Finally, to make all of his arguments, Sturtz reads the exception to his waiver as authorizing an appeal of any sentence above the single lowest sentence within the guidelines range because such sentences "exceed[] any sentence" in the range. But when we focus on the waiver exception's language, we find that Sturtz's interpretation would render the waiver almost meaningless. The limitation of the waiver "to the extent that [his sentence] exceeds *any sentence* within the advisory guidelines range" surely means *all sentences* or *every sentence* within the range. If it means just the single lowest sentence within the range, then the waiver would become illusory; Sturtz would be waiving only the right to appeal the sentence at the lowest end of the range, as well as sentences below that range. Likewise, in the corresponding governmental waiver, this interpretation would mean that the government would be waiving only the right to appeal the single sentence at the highest end of the range, as well as sentences above that range. As a matter of common sense and as the district court explained to Sturtz at the plea hearing, the plea agreement provided for the waiver by Sturtz and the government of the right to appeal any sentence that lay "within the advisory guidelines range resulting from an offense level of 30," as that range was determined by the district court.

The indictment's allegation that a 120-month minimum sentence applied because of Sturtz's prior Maryland conviction and the limitations that Sturtz's plea agreement placed on his right to challenge that allegation, as well as Sturtz's broad waiver of his right to appeal any determination that the district court made on that issue, preclude the present appeal. And this is confirmed by Sturtz's express waiver of the district court's

12

determination of the applicable sentencing guidelines range.  Accordingly, we conclude that his appeal must be dismissed.

IT IS SO ORDERED.