**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 23-4277**

---

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

    v.

ALBERT VINES,

               Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:17-cr-00397-D-1)

---

Submitted:  February 26, 2024                       Decided:  March 11, 2024

---

Before WYNN and HARRIS, Circuit Judges, and KEENAN, Senior Circuit Judge.

---

Affirmed in part, dismissed in part by unpublished per curiam opinion.

---

**ON BRIEF:** Helen Celeste Smith, Apex, North Carolina, for Appellant. David A. Bragdon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Albert Vines appeals from his convictions and 326-month sentence imposed pursuant to his guilty plea to possession of a firearm during a crime of violence (Hobbs Act robbery), in violation of 18 U.S.C. § 924(c), and possession with the intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). On appeal, Vines' attorney has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), questioning (1) whether the Rule 11 hearing was sufficient, (2) whether Hobbs Act robbery is an appropriate predicate offense for Vines' § 924(c) conviction, (3) whether the 300-month mandatory minimum on Vines' firearm conviction was unconstitutional, and (4) whether the district court appropriately considered Vines' mitigating arguments and provided a sufficient explanation for his sentence. Vines was advised of his right to file a pro se supplemental brief, but he has not filed one. The Government elected not to file a brief but has moved to dismiss the appeal based on Vines' waiver of his right to appeal in his plea agreement. We affirm in part and dismiss in part.

"[A] defendant who waives his right to an appeal does not subject himself to being sentenced entirely at the whim of the district court." *United States v. Cornette*, 932 F.3d 204, 209 (4th Cir. 2019) (internal quotation marks omitted). An appeal waiver does not bar the appeal of a sentence exceeding the statutory maximum or the right to appeal a sentence based on a constitutionally impermissible factor. *Id.*; *see United States v. Thornsbury*, 670 F.3d 532, 539 (4th Cir. 2012) (clarifying that challenges to sentence as "illegal" that can be raised on appeal despite appeal waiver involve "fundamental issues," such as claims that "a district court exceeded its authority," premised its sentencing

2

decision "on a constitutionally impermissible factor such as race," or violated the "post-plea violation of the right to counsel"). We also will refuse to enforce an otherwise valid waiver "if to do so would result in a miscarriage of justice." *United States v. Adams*, 814 F.3d 178, 182 (4th Cir. 2016). Moreover, an appeal waiver does prevent Vines from arguing that his guilty plea was involuntary. *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (appeal waiver does not bar consideration of validity of guilty plea); *United States v. Carreon-Ibarra,* 673 F.3d 358, 362-63 & n.3 (5th Cir. 2012) (finding claim of Rule 11 violation for failure to inform defendant regarding proper mandatory minimum was not waived by appellate waiver in plea agreement).

We review de novo the validity of an appeal waiver. *United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013). An appeal waiver precludes a defendant from appealing a specific issue if (1) the waiver is valid, and (2) the issue being appealed is within the scope of the waiver. *Thornsbury*, 670 F.3d at 537. Vines does not directly contest the validity of the appeal waiver; however, he asserts that his plea was involuntary because the district court did not properly inform him of the maximum sentence on his firearm charge or the maximum supervised release term for his drug charge. Because an involuntary plea would naturally call into question the validity of the appeal waiver, this claim will be addressed first.

Because Vines did not attempt to withdraw his guilty plea, we review the district court's acceptance thereof for plain error only. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To succeed on plain-error review, Vines "must show (1) that the district court erred, (2) that the error was plain, and (3) that the error affected his substantial rights."

3

*United States v. Cohen*, 888 F.3d 667, 685 (4th Cir. 2018).  In the guilty plea context, a defendant satisfies his burden of establishing that an error affected his substantial rights by showing a reasonable probability that he would not have pleaded guilty but for the error. *Sanya*, 774 F.3d at 816.  In assessing whether a Rule 11 error affected a defendant's substantial rights, this court may consider other information provided to the defendant. *United States v. Hairston*, 522 F.3d 336, 341 (4th Cir. 2008).  Even if Vines satisfies the three plain-error requirements, we "possess discretion on whether to recognize the error" and will not "do so unless the error seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Cohen*, 888 F.3d at 685 (internal quotation marks omitted).

Here, Rule 11(b)(1)(H) requires that a district court inform the defendant in open court of the maximum possible penalty, including imprisonment and supervised release.[1] Because the district court failed to inform Vines of the maximum sentence on his firearm charge and the maximum supervised release term on his drug charge, the district court plainly erred.  Turning to whether the district court's plain error affected Vines' substantial rights, Vines must demonstrate that, absent the error, he would not have entered his guilty plea. *See United States v. Martinez*, 277 F.3d 517, 532 (4th Cir. 2002).  We find that, even though the district court plainly erred in its plea colloquy, Vines has not shown his substantial rights were affected by the error.

---

[1] However, "a variance from the requirements of this rule is harmless error if it does not affect substantial rights."  Fed. R. Crim. P. 11(h).

First, Vines was not prejudiced by the error because his plea agreement made him aware of the relevant maximum punishments. Second, Vines was sentenced to the statutory minimum in both instances (25 years on the firearm offense and 3 years supervised release on the drug conviction). Third, even if Vines had been correctly advised of the maximum sentences he faced, "there is no reason to believe that he would have sought to withdraw from the plea agreement." *See Martinez*, 277 F.3d at 533. Finally, given that Vines was informed of the maximum sentences in his plea agreement and that the district court did not give him any incorrect information at his plea hearing, we conclude that any error does not affect the integrity or fairness of the judicial process.

As such, Vines' Rule 11 claim is without merit. As this was Vines' only challenge to the validity of the appellate waiver, we find that the waiver is enforceable. Nonetheless, given that the Rule 11 claim challenged the validity of the appellate waiver and, thus, fell outside the scope of the waiver, we deny the motion with regard to this claim.

Next, Vines argues that his challenge to his § 924(c) conviction based on an inadequate predicate also fell outside the scope of his waiver. We disagree. We have allowed appeals to go forward in the face of valid waivers when changes to the law have potentially affected the applicability of a prior offense as a predicate. *See Cornette*, 932 F.3d at 208–09 (holding collateral review waiver did not bar defendant's appeal after the Supreme Court invalidated the "residual clause" of the Armed Career Criminal Act); *Adams*, 814 F.3d at 182-83 (declining to enforce collateral review waiver where defendant claimed actual innocence after the Fourth Circuit recategorized a predicate offense such that defendant's state convictions no longer sustained a 18 U.S.C. § 922(g) conviction).

5

But merely challenging the applicability of a predicate offense does not automatically take an appeal outside the scope of a waiver. *See United States v. Sturtz*, 70 F.4th 740, 741 (4th Cir. 2023) (dismissing an appeal as waived by plea agreement where defendant challenged a predicate offense under 18 U.S.C. § 2252A(b)(2)); *United States v. Brown*, 232 F.3d 399, 402, 406 (4th Cir. 2000) (dismissing an appeal as waived by plea agreement where defendant challenged a predicate offense under sentencing guidelines). Here, as in *Sturtz* and *Brown*, Vines challenges the applicability of a prior offense as a predicate. There has been no change in the law since Vines pled guilty and consented to the appeal waiver; Hobbs Act robbery still qualifies as a valid § 924(c) predicate. *United States v. Ali,* 991 F.3d 561, 573 (4th Cir. 2021). Accordingly, we grant the motion to dismiss this claim.

Finally, Vines asserts that his 300-month mandatory minimum sentence is unconstitutional as it violates the equal protection and due process clauses, the Eighth Amendment, and the separation of powers doctrine.[2] Only violations of fundamental constitutional or statutory rights that are "firmly established at the time of sentencing" can render a valid appeal waiver unenforceable. *United States v. Archie*, 771 F.3d 217, 223 (4th Cir. 2014). That is, to avoid the waiver based on a constitutional claim, a defendant's claim must allege that the court failed to "apply the established law at the time of

---

[2] Vines also contends that his sentence was procedurally unreasonable because the district court did not properly consider his mitigating arguments and provide an appropriate explanation for his sentence. However, Vines concedes that this claim is barred by his appeal waiver. As such, we grant the motion to dismiss this claim.

sentencing." *Id.* Because Vines has not alleged that his assertions regarding the constitutionality of the mandatory minimum sentence are supported by current law (or more specifically the law at the time of sentencing),[3] his claim falls within the scope of his waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal falling outside the scope of the waiver. We therefore grant the motion to dismiss in part and deny in part as described above, and we affirm Vines' conviction and dismiss the appeal of his sentence. This court requires that counsel inform Vines, in writing, of the right to petition the Supreme Court of the United States for further review. As such, we deny counsel's motion to withdraw at this time. If Vines requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Vines. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

---

[3] Vines also argues that his sentence constituted a miscarriage of justice, rendering the appellate waiver unenforceable. However, we have concluded that "the concept [of miscarriage of justice] seems to be subsumed within our analysis of the scope of the waiver." *United States v. Blick*, 408 F.3d 162, 170 n.10 (4th Cir. 2005). Thus, because Vines' contentions fall within the scope of the waiver, the enforcement of the waiver is not a miscarriage of justice.