# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 25, 2013

Lyle W. Cayce
Clerk

No. 12-50326
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JULIO CARDENAS,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-151-1

Before BARKSDALE, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Pursuant to his guilty-plea conviction for conspiracy to possess, with intent to distribute, cocaine, Julio Cardenas received a within-Guidelines sentence of 204 months' imprisonment. Cardenas' written plea agreement contained an appeal waiver. One of the two exceptions was for an ineffective-assistance-of-counsel claim.

Cardenas contends his plea was unknowing because the district court violated Federal Rule of Criminal Procedure 11(b)(1)(M) when it failed to explain

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the concept of relevant conduct. This contention is permitted despite the appeal waiver, because such a waiver does not prevent defendant from contending on appeal that his plea agreement, including the waiver itself, was not entered into knowingly. *See United States v. Oliver*, 630 F.3d 397, 411 (5th Cir. 2011) (allowing unknowing-plea challenge despite existence of appeal waiver).

Because Cardenas did not present his unknowing-plea contention in district court, review is only for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). For reversible plain error, Cardenas must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To determine whether the claimed violation of Rule 11 affected Cardenas' substantial rights, our court considers whether there is a "reasonable probability" he would not have pleaded guilty "but for the error". *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

The district court substantially complied with Rule 11. In particular, it explained to Cardenas that he faced a sentence which included: up to 20 years' imprisonment; a fine of up to $1 million; three years' to life supervised release; and a special assessment of $100. *See* FED. R. CRIM. P. 11(b)(1)(H)-(L). Moreover, the court explained that it was obligated to: calculate the advisory Guidelines sentencing range; consider that range and other sentencing factors under 18 U.S.C. § 3553(a); and consider possible departures under the Guidelines. *See* FED. R. CRIM. P. 11(b)(1)(M). Because Cardenas was aware of the maximum sentence he faced, his alleged mistaken belief that his sentence would not be enhanced based on his relevant conduct did not render his plea involuntary. *See United States v. Jones*, 905 F.2d 867, 868-69 (5th Cir. 1990) (where defendant understands maximum sentence, he is "fully aware of his plea's consequences" (internal quotation marks and citation omitted)).

To the extent Cardenas contends he is entitled to relief because he lacked close assistance of counsel and/or received ineffective assistance of counsel, he fails to adequately brief those contentions. He cites to neither the record nor

legal authorities to support them; therefore, they are abandoned. *E.g.*, *Davila v. United States*, 713 F.3d 248, 261 (5th Cir. 2013); FED. R. APP. P. 28(a)(9). In the alternative, the record is developed insufficiently to allow consideration of such contentions. They generally "cannot be resolved on direct appeal when the claim has not been raised before the district court since no opportunity existed to develop the record on the merits of the allegations". *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006) (internal quotation marks and citation omitted).

AFFIRMED.