# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30300

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

AKEIN SCOTT, also known as Keemy,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**
May 12, 2017

Lyle W. Cayce
Clerk

Appeals from the United States District Court
for the Eastern District of Louisiana

Before JONES, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:

Akein Scott and his brothers were members of the Frenchmen/Derbigny gang. On Mother's Day 2013, Akein and one of his brothers opened fire at a second-line parade in New Orleans, intending to kill a rival gang member. They shot the intended victim and 19 innocent bystanders. Akein was named in a 24-count Third Superseding Indictment charging racketeering, drug trafficking, and firearms conspiracies, as well as a host of violent offenses in aid of those conspiracies. Akein was also indicted for four separate shootings that occurred prior to the Mother's Day shootings.

Before Akein pled guilty, the Government informed Akein about the uncharged murder of James Gould, unrelated to the Mother's Day shootings, which the Government believed to be linked to Akein's family. Akein denied

having seen Gould. Akein's attorney told the Government that her client would plead guilty, though if the Government intended to introduce evidence of this murder as relevant conduct at sentencing, she would not advise him to plead guilty. The Government replied that it did not intend to introduce this evidence of the homicide, but emphasized that the investigation was ongoing and it could not guarantee that the investigation would not garner more evidence.

Akein nevertheless pled guilty, pursuant to a written plea agreement, to RICO conspiracy (Count 1); conspiracy to distribute and possess with intent to distribute controlled substances (Count 2); conspiracy to use and possess firearms during, in relation to, and in furtherance of a crime (Count 3); four counts of assault with a dangerous weapon in furtherance of racketeering (Counts 7, 9, 11, and 13); and discharging a firearm during and in relation to a crime of violence and a drug trafficking crime (Count 19). In exchange for Scott's guilty plea, the Government agreed that it would move to dismiss six remaining counts in the indictment. The Government also agreed that it would not bring further charges for any other drug offenses committed prior to May 15, 2013, and gave Akein a three-level reduction in his guidelines offense level for acceptance of responsibility.

Akein's plea agreement provided that, in determining an appropriate sentence, the district court had the authority and discretion to consider "any and all 'relevant conduct' that the defendant was involved in during the course of the conspiracy." The agreement further provided that the statements set forth therein represented the "defendant's entire agreement with the Government" and stated that there were no "other agreements, letters, or notations that will affect this agreement." Akein also waived his right to collaterally attack his sentence and waived his right to appeal the guilty plea, conviction, sentence, fine, supervised release, and any restitution imposed. He

No. 16-30300

reserved, however, the right to appeal a sentence in excess of the statutory maximum and to bring a claim of ineffective assistance of counsel.

Approximately two months after Akein entered his guilty plea, the Government filed a motion to consolidate the sentencing hearings of the Scott brothers. In that motion, the Government announced its intention to introduce evidence at sentencing that the Scott brothers murdered Gould in furtherance of the RICO and drug trafficking conspiracy. Akein opposed the motion to consolidate the sentencing hearings, but the district court nevertheless granted the Government's motion. Thereafter, the district court held an evidentiary hearing on the Mother's Day shootings and the murder of Gould to determine whether the Government could "show some basis for any enhancements to possible sentences." Akein filed, and the Government responded to, a sentencing memorandum objecting to the consideration of relevant conduct evidence.

The PSR, which included Gould's murder as relevant conduct, calculated Akein's total offense level to be 45. With a criminal history category of I, the guidelines range of imprisonment was life. The district court overruled Akein's objection to the PSR's inclusion of the Gould murder as relevant conduct and stated that it would have imposed the same sentence even if it had sustained his objections. The district court sentenced Akein to life imprisonment on Count 1 and Count 2 and to concurrent 240-months terms of imprisonment on Counts 3, 7, 9, 11, and 13 as well as a 120-month term of imprisonment on Count 19, to be served consecutively to all other sentences. Akein timely appealed.

## DISCUSSION

Although Akein waived his rights to appeal and collaterally attack his conviction and sentence, a claim regarding "[a]n alleged breach of a plea agreement may be raised despite a waiver provision." *United States v. Purser*,

No. 16-30300

747 F.3d 284, 289 (5th Cir. 2014) (internal quotation marks omitted).  An appeal waiver also does not bar an attack on the voluntariness of a plea. *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

A. Breach of Plea Agreement

Akein argues that the Government breached the plea agreement in presenting evidence of the Gould murder at sentencing after leading Akein to believe that it did not have, and would not present, evidence linking Akein to this murder.  The Government denies breaching the plea agreement and contends that it never promised not to present evidence of the Gould murder as relevant conduct.

This court reviews de novo a preserved claim that the Government breached the plea agreement.  *Purser*, 747 F.3d at 290.  The burden is on the defendant to prove a breach by a preponderance of the evidence.  *Id.*  In determining whether a breach occurred, this court decides "whether the Government's conduct is consistent with the defendant's reasonable understanding of the agreement." *United States v. Hinojosa*, 749 F.3d 407, 413 (5th Cir. 2014) (internal quotation marks omitted).  A defendant's subjective belief about the agreement's terms may not constitute a reasonable understanding and may not be sufficient to establish a breach.  *United States v. Wittie*, 25 F.3d 250, 262 (5th Cir. 1994).

The plea agreement expressly states that the court has the authority to consider all relevant conduct that the defendant was involved in during the course of the conspiracy, the nature and circumstances of the offenses, and the history and characteristics of the defendant.  The plea agreement makes no promises limiting the Government's use of relevant conduct and does not restrict the Government from introducing evidence surrounding the Gould murder.  The agreement further declared that the statements set forth in the plea agreement represented the "defendant's entire agreement with the

4

Government" and stated that there were no "other agreements, letters, or notations that will affect this agreement."

The Government did not breach any of the promises made in the plea agreement. Akein received the benefit of his bargain when the Government dismissed a host of counts against him in exchange for his guilty plea. Akein has not provided us any authority that the Government is obligated to provide a defendant with the evidence it will present at sentencing. Such an obligation could, like material impeachment evidence, "risk[] premature disclosure of Government witness information" and "disrupt ongoing investigations and expose prospective witnesses to serious harm." *United States v. Ruiz*, 536 U.S. 622, 631–32, 122 S. Ct. 2450, 2456 (2002) (internal quotation marks omitted).[1] That Akein subjectively believed the Government would not present evidence connecting him to the murder of Gould is a "misapprehension under which a defendant . . . labor[s]," but the Constitution "does not require complete knowledge of the relevant circumstances, but permits a court to accept a guilty plea, with its accompanying waiver of various constitutional rights." *Id.* at 630, 2456.

B. Validity of Guilty Plea

In a slight twist on the foregoing argument, Akein contends that the Government's misleading statements and failure to disclose evidence linking Akein to the Gould murder and its ultimate presentation of this evidence at sentencing rendered his guilty plea unknowing and involuntary. He contends

---

[1] The Department of Justice instructs its prosecutors that their professional duties exceed the constitutional minimum. *See* U.S. Dep't of Justice, U.S. Attorneys' Manual, 9-5.000. Consistent with best practices, the Sentencing Commission similarly encourages prosecutors to disclose before a defendant pleads guilty "the facts and circumstances of the offense and offender characteristics, then known to the prosecuting attorney, that are relevant to the application of the sentencing guidelines." U.S.S.G. § 6B1.2, comment. Neither, however, confers defendants with pre-plea discovery rights.

that he was not aware of the relevant circumstances and the likely consequences of his decision to plead guilty and suggests that the Government induced his guilty plea by misrepresentations.[2]

The validity of a guilty plea is a legal question that this court reviews de novo. *United States v. Bustos-Useche*, 273 F.3d 622, 625 (5th Cir. 2001). A guilty plea must be made knowingly and voluntarily. *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002). A guilty plea entered by a defendant fully aware of the direct consequences is valid unless induced by threats, misrepresentations, or improper promises, such as bribes. *Brady v. United States*, 397 U.S. 742, 755, 90 S. Ct. 1463, 1472 (1970). "The Constitution does not require a great deal of knowledge on the part of the defendant." *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996). If the defendant is aware of the potential maximum prison term and fine for the offense charged, but nevertheless pleads guilty, his plea is knowingly and intelligently entered. *Id.*

Although Akein claims to have been misled about whether the Government would, as a result of further investigation, offer evidence of Gould's murder at his sentencing, this claim fails. First, any agreement amounts to a side agreement that was not embodied in the written plea agreement and, crucially, is contradicted by that agreement's express terms. Second, there is no dispute that the guilty plea colloquy fully informed Akein of the most salient information: that his maximum sentence was life imprisonment and any relevant conduct might be considered by the court. *Guerra*, 94 F.3d at 995. Third, defense counsel acknowledged in her pleading that the Government emphasized during the pre-plea discussion that its investigation of the Gould murder was ongoing so it could not guarantee that it would not develop more evidence. Defense counsel should also have been

---

[2] Curiously, however, Akein did not move in the trial court to revoke his plea.

No. 16-30300

aware that the Government could not withhold evidence of relevant conduct from the sentencing court. *See* 18 U.S.C. § 3661; *United States v. Casillas*, 853 F.3d 215, 218 (5th Cir. 2017). Put together, these facts demonstrate that any misunderstanding that was in the minds of the defense, was unfounded, and is insufficient to undermine the knowing and voluntary nature of Akein's plea.

C. Ineffective Assistance of Counsel

Akein argues that the Government's actions rendered his counsel's assistance ineffective because his counsel was deprived of information needed to make an accurate assessment whether Akein should enter a guilty plea.

But contrary to Akein's assertion, the record is not sufficiently developed to permit review of his ineffective assistance of counsel claim on direct appeal. The district court did not take testimony or make factual findings concerning the effectiveness of counsel's representation. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014); *United States v. Kizzee*, 150 F.3d 497, 502–03 (5th Cir. 1998) (holding the record insufficient because district court did not hear sworn testimony or make factual findings on ineffective assistance claims). This court considers these claims in only the "rare cases" that a reviewing court may fairly evaluate the merits of the claim. *Isgar*, 739 F.3d at 841. This is not such a case, and accordingly, we deny Akein's ineffective assistance of counsel claim without prejudice to collateral review.

**CONCLUSION**

The conviction and sentence of Akein Scott is **AFFIRMED**.

7