# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10553
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 25, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEE ROBERTSON,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:15-CR-44-31

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:*

Lee Robertson appeals his guilty-plea conviction for conspiring to distribute oxycodone, for which he was sentenced to 84 months of imprisonment and three years of supervised release. Robertson asserts that his guilty plea was unknowing and involuntary because he had not been made aware that his sentence would be based on drug transactions not mentioned in the agreed factual resume supporting his guilty plea.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10553

Because a guilty plea involves the waiver of constitutional rights, it must be entered voluntarily and knowingly. *Brady v. United States*, 397 U.S. 742, 748 (1970). The defendant must have a "full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244 (5th Cir. 1969). "Rule 11 of the Federal Rules of Criminal Procedure was designed to ensure that a guilty plea is knowing and voluntary, by laying out the steps a trial judge must take before accepting such a plea." *United States v. Alvarado-Casas*, 715 F.3d 945, 949 (5th Cir. 2013) (internal quotation marks and citation omitted). "A plain reading of Rule 11[(b)(1)(H)] requires the district court to inform the defendant of the maximum possible penalty applicable to each count to which the defendant is pleading guilty." *Id.* at 954 (internal quotation marks, brackets, ellipsis, and citation omitted).

Since Robertson did not challenge the validity of his guilty plea in the district court, the plain-error standard of review applies. *See id.* at 953. Accordingly, to prevail in this appeal, Robertson "must show that (1) the district court committed Rule 11 error, (2) the error was plain, (3) there is a reasonable probability that but for the error, he would not have pleaded guilty, and (4) the error seriously affected the fairness, integrity, or public reputation of the proceedings." *Id.*

Robertson acknowledges that he was advised in the plea agreement and by the district court of the statutory maximum prison term and fine for his offense, and he concedes that, in *United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996), we held that such advice is sufficient for a knowing guilty plea. Robertson contends, however, that the *Guerra* holding is inappropriate because the Guidelines are so widely applied that they are not merely advisory. Robertson argues that a defendant who is not forewarned of the district court's consideration of unmentioned conduct is subject to a maximum sentence that

2

No. 17-10553

could be contemplated in theory but is unthinkable in practice, thus leaving the defendant without the "full understanding of what the plea connotes and of its consequence" that is required by *Boykin*, 395 U.S. at 244.

Essentially, Robertson is conceding that his challenge to the knowing and voluntary nature of his guilty plea is foreclosed by circuit precedent, and he is arguing for a change in the law. However, "[i]t is a firm rule of this circuit that in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court, a panel cannot overrule a prior panel's decision." *United States v. Lipscomb*, 299 F.3d 303, 313 n.34 (5th Cir. 2002) (internal quotation marks and citation omitted). Accordingly, Robertson has failed to show that his guilty plea was unknowing and involuntary, much less plainly so, given that the district court admonished him regarding the statutory maximum prison term and fine. *See Alvarado-Casas*, 715 F.3d at 953-54; *Guerra*, 94 F.3d at 995. The judgment of the district court is AFFIRMED.