# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-50840
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 7, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

THEODORE MICHAEL BREWSTER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:17-CR-315-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Theodore Michael Brewster pleaded guilty pursuant to a plea agreement to possession with intent to distribute less than 500 grams of cocaine and was sentenced within the guidelines range to 51 months of imprisonment, three years of supervised release, a $15,000 fine, and a $100 special assessment. On appeal, he argues his guilty plea was not knowing and voluntary because the district court did not advise him of the true nature of the charge against him.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-50840

In particular, he contends that he was not advised that his sentence would be based on his relevant conduct, including additional drug quantities that were not listed in the factual basis.

As Brewster concedes, review is limited to plain error because he did not raise this issue in the district court. *See United States v. Alvarado-Casas*, 715 F.3d 945, 953 (5th Cir. 2013). To show plain error, the defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error, and that discretion "ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

The magistrate judge who conducted the rearraignment advised Brewster of the nature of the offense and the statutory maximum sentence, and Brewster stated that he understood. The judge expressly advised him that the probation officer would prepare a report calculating his range of punishment based on the Sentencing Guidelines, including relevant conduct, and Brewster stated that he understood. Because Brewster was aware of the nature of the charges, the statutory maximum punishment, and the fine for the offense, but nevertheless pleaded guilty, his guilty plea was knowing and voluntary. *See United States v. Scott*, 857 F.3d 241, 245 (5th Cir. 2017); *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). Brewster has not shown that the district court plainly erred by not advising him that his sentence could be based on additional drug quantities not listed in the factual basis. *See Scott*, 857 F.3d at 245; *Washington*, 480 F.3d at 315.

AFFIRMED.