# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 23-10896
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jacques Elliott Gilbert,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-333-3

———————————————————————

Before Smith, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Jacques Elliott Gilbert pleaded guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 846, and was sentenced within the guidelines range to 151 months of imprisonment and three years of supervised

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

release.  On appeal, he challenges the district court's acceptance of his guilty plea, arguing that it was not knowingly and voluntarily entered because he disputed the accuracy of the information in the factual resume and presentence report regarding the frequency of drug deals and the quantity of drugs attributable to him.  He also argues that the district court erred by failing to appoint substitute counsel to represent him at sentencing.

Gilbert's challenge to the knowing and voluntary nature of his guilty plea is not barred by his appeal waiver.  *See United States v. Carreon-Ibarra*, 673 F.3d 358, 362 & n.3 (5th Cir. 2012). It is subject to plain error review, however, because Gilbert did not argue in the district court that his guilty plea was not knowing and voluntary or that the district court had erred by accepting his guilty plea.  *See United States v. Brown*, 328 F.3d 787, 789 (5th Cir. 2003).  To prevail on plain error review, he must show a forfeited error that affects his substantial rights and is "clear or obvious, rather than subject to reasonable dispute." *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes that showing, we have the discretion to correct the error, but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings."  *Id*. (internal quotation marks, citation, and brackets omitted).

"Federal Rule of Criminal Procedure 11 'ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting such a plea.'" *Id*. (quoting *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002)). "Guilty pleas must be made intelligently and voluntarily because they involve the waiver of several constitutional rights." *Carreon-Ibarra,* 673 F.3d at 364.  For a guilty plea to be knowing, "the defendant must have a 'full understanding of what the plea connotes and of its consequence.'" *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000) (quoting *Boykin v. Alabama*, 395 U.S. 238, 244 (1969)).  In other words, the defendant must understand the charges against him, the consequences of his plea, and the nature of the constitutional protections he

is waiving. *United States v. Urias-Marrufo*, 744 F.3d 361, 366 (5th Cir. 2014). With respect to sentencing, a defendant must know the maximum sentence for the offense charged. *See Hernandez*, 234 F.3d at 255-56; *see also United States v. Scott*, 857 F.3d 241, 245 (5th Cir. 2017) ("If the defendant is aware of the potential maximum prison term and fine for the offense charged, but nevertheless pleads guilty, his plea is knowingly and intelligently entered."). The same is true for a mandatory minimum penalty. *See* Fed. R. Crim. P. 11(b)(1)(I); *see Carreon-Ibarra,* 673 F.3d at 364 ("A district court commits Rule 11 error when accepting a guilty plea if it fails to inform the defendant 'accurately of the proper minimum sentence' that will result from the plea."). And for a guilty plea to be voluntary, it must not be induced by threats, misrepresentations, unfulfilled promises, or promises of an improper nature. *See Hernandez*, 234 F.3d at 254 n.3.

Gilbert did not face a statutory mandatory minimum term of imprisonment; rather, the applicable statutory penalty provision to which he pleaded guilty was zero to 20 years of imprisonment. *See* 21 U.S.C. § 846; § 841(b)(1)(C). And Gilbert affirmed, in open court, that he was aware that he faced a maximum of 20 years of imprisonment and at least three years of supervised release.

Contrary to his assertion, Gilbert's continued disagreement with the frequency of his drug deals or the quantity of drugs involved in those deals, as set forth in the factual resume and PSR, does not invalidate his guilty plea. This court has rejected arguments that the defendant's guilty plea was unknowing and involuntary because he was not advised that his sentence would be based on drug transactions not mentioned in his factual basis. *See*

*United States v. Robertson*, 710 F. App'x 200, 201–02 (5th Cir. 2018);[1] *see also United States v. Cardenas*, 531 F. App'x 530, 530–31 (5th Cir. 2013) (because defendant knew of the statutory maximum sentence, his mistaken belief that relevant conduct would not be used to enhance his sentence did not invalidate his plea); *United States v. Smallwood*, 920 F.2d 1231, 1239–40 (5th Cir. 1991) (rejecting challenge to guilty plea where the defendant knew the statutory maximum prison term but argued that he was unaware that relevant conduct could be used to calculate his sentence). And Gilbert has not shown that there were insufficient facts in the record to establish each element of the charged offense. *See Puckett*, 556 U.S. at 135; *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).

Also, Gilbert affirmed, in open court, that he had discussed the Sentencing Guidelines and their application to his case with his attorney, and that he understood that the district court was not bound by any agreed upon stipulations and could consider facts not mentioned in the stipulations when determining the sentence. He likewise affirmed that he had entered into the plea agreement voluntarily and of his own free will and that his guilty plea was not the result of any promises or assurances "of any kind" apart from those contained in the plea agreement. *See* Fed. R. Crim. P. 11(b)(2). Such solemn declarations in open court carry "a strong presumption of verity." *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (internal quotation marks and citation omitted).

Based on the record and Gilbert's solemn declarations, a reasonable person would not doubt that he understood the charge and his potential sentence. *See Reyes*, 300 F.3d at 559. Thus, Gilbert has not shown an error

---

[1] Unpublished opinions issued on or after January 1, 1996, are not binding precedent but may be considered persuasive authority. *See* 5th Cir. R. 47.5.4; *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006).

that was clear or obvious with respect to the district court's acceptance of his guilty plea or the magistrate judge's compliance with Federal Rule of Criminal Procedure 11. *See Puckett*, 556 U.S. at 135.

Additionally, we pretermit whether the appeal waiver bars Gilbert's challenge to the district court's decision not to appoint substitute counsel. We conclude that the district court did not abuse its discretion under the circumstances. *United States v. Mitchell*, 709 F.3d 436, 441–42 (5th Cir. 2013); *United States v. Simpson*, 645 F.3d 300, 308 (5th Cir. 2011); *see also Martel v. Clair*, 565 U.S. 648, 658–60, 663–64 (2012).

Finally, we note that counsel for Gilbert neither addressed the appeal waiver's possible application to this issue nor replied to the Government's invocation of the waiver. Counsel for Gilbert is therefore cautioned that pursuing an appeal contrary to a valid waiver and without responding to the Government's invocation of the waiver is a needless waste of judicial resources that could result in sanctions. *See United States v. Gaitan*, 171 F.3d 222, 223–24 (5th Cir. 1999).

AFFIRMED; SANCTION WARNING ISSUED.