# United States Court of Appeals for the Fifth Circuit

No. 23-10184

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Kermit Herschell Powdrill, II,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:21-CR-76-1

Before Elrod, *Chief Judge*, and Higginbotham and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Kermit Herschell Powdrill, II, pleaded guilty to distribution and possession with intent to distribute five grams or more of methamphetamine and was sentenced to 252 months of imprisonment. Powdrill, proceeding *pro se*, argues: (1) his guilty plea was not knowing and voluntary; (2) the government breached the plea agreement; (3) the district court erred by

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

failing to rule on his motion for a mistrial; (4) his initial trial counsel had a conflict of interest; (5) he is entitled to a new trial because of cumulative error; (6) he received ineffective assistance of counsel; and (7) this court erred by failing to accept his *pro se* filings while he was still represented by counsel.

We review the validity of a guilty plea *de novo*. *United States v. Scott*, 857 F.3d 241, 245 (5th Cir. 2017). Powdrill argues that his guilty plea was not knowing and voluntary because the contents of the plea agreement were not fully disclosed prior to him entering the plea. Despite his assertions to the contrary, the record reflects that Powdrill had a full understanding of the plea and its consequences. *See Boykin v. Alabama*, 395 U.S. 238, 244 (1969). During his plea colloquy he explicitly stated that he understood the rights that he was waiving by pleading guilty; he understood the nature of the charges and penalties; he had not been threatened, forced, or coerced to plead guilty; he had reviewed the plea agreement; all the terms of the agreement with the government were set forth in the plea agreement; and he understood everything in the plea agreement. Such "[s]olemn declarations in open court carry a strong presumption of verity." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Because Powdrill had notice of the charges against him and he indicated that he understood the rights that he was waiving, his guilty plea was knowing. *See Boykin*, 395 U.S. at 244.

Powdrill also contends that his plea was not knowing and voluntary because the government did not disclose the personnel file of the lead investigator in Powdrill's criminal case, which would have revealed details about the officer's discipline for lying in another case. His argument is contradicted by the record. Powdrill entered his guilty plea after the government provided him with the relevant portions of the officer's file and after Powdrill's trial counsel interviewed the officer and decided to call him as a witness.

No. 23-10184

We review a claim that the government breached a plea agreement *de novo*. *See Scott*, 857 F.3d at 244. In determining whether a breach occurred, we consider "whether the government's conduct is consistent with the defendant's reasonable understanding of the agreement." *Id.* (citation omitted). The government fulfilled its promise to Powdrill by withdrawing a notice of sentencing enhancement under 21 U.S.C. § 851. While Powdrill argues that the government breached this provision when it advocated for classifying him as a career offender under U.S.S.G. § 4B1.1, there is nothing in the plea agreement indicating the government agreed that Powdrill would not be subject to enhancements under the Sentencing Guidelines. Further, he also acknowledged during his plea colloquy that the sentence would be imposed by the district court after consideration of the Guidelines and that the sentence imposed would be within the court's sole discretion. On this record, Powdrill could not have reasonably understood the plea agreement as prohibiting the career offender enhancement under the Guidelines.

Next, Powdrill argues that the district court erred in failing to rule on his motion for a mistrial because of government misconduct and that his initial attorney had a conflict of interest. Because Powdrill knowingly and voluntarily pleaded guilty, he waived the right to argue that the district court erred in not addressing his motion for a mistrial based on governmental misconduct and that counsel had a conflict of interest. *See United States v. Cothran*, 302 F.3d 279, 285–86 (5th Cir. 2002) (government misconduct); *United States v. Palacios*, 928 F.3d 450, 457 (5th Cir. 2019) (conflict of interest).

Powdrill also argues that he is entitled to a new trial because of the cumulative errors in the district court. Powdrill has failed to identify any errors, as discussed above. Thus, there is nothing to cumulate.

Powdrill also argues that he received ineffective assistance of trial and appellate counsel. Typically, we do not review claims of ineffective assistance on direct appeal. *United States v. Cantwell*, 470 F.3d 1087, 1091 (5th Cir. 2006). Powdrill did not raise his claims of ineffective assistance of counsel before the district court, and the record does not provide sufficient detail to allow the court to assess counsel's effectiveness at this stage. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). Accordingly, we decline to consider these claims, without prejudice to Powdrill's right to raise them on collateral review. *See id.*

Finally, Powdrill argues that this court erred in declining to accept his *pro se* filings while he was still represented by counsel. A criminal defendant has no constitutional right to hybrid representation, partly by counsel and partly by himself. *Myers v. Johnson*, 76 F.3d 1330, 1335 (5th Cir. 1996). Because Powdrill was still represented by counsel when he submitted his petition for a writ of mandamus and related motions, he was not entitled to file *pro se* documents.

In light of the foregoing, the judgment of the district court is AFFIRMED.