# United States Court of Appeals for the Fifth Circuit

No. 23-50882
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 8, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CARLOS FABIAN VELEZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CR-193-1

Before WIENER, HO, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Carlos Fabian Velez appeals his guilty plea conviction for distribution of child pornography and his above-guidelines sentence of 210 months of imprisonment and 30 years of supervised release. In his plea agreement, he waived his right to appeal his conviction and sentence on any ground but reserved the right to raise claims of ineffective assistance and prosecutorial

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

misconduct. He argues that the prosecutor breached the plea agreement when she stated at sentencing that she was sexually abused as a child and that the statement also constituted prosecutorial misconduct. Velez may raise an argument that the Government breached the plea agreement despite the appeal waiver contained in his plea agreement, see *United States v. Cluff*, 857 F.3d 292, 297 (5th Cir. 2017), and his claim of prosecutorial misconduct falls within the appeal waiver's exception.

Because he did not raise these arguments in the district court, we apply the plain error standard of review. *See United States v. Hinojosa*, 749 F.3d 407, 411 (5th Cir. 2014). To show plain error, an appellant must demonstrate a forfeited error that is clear or obvious and that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, this court has the discretion to correct the error but should do so only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

The Government complied with its agreement not to oppose Velez's receiving the maximum reduction for acceptance of responsibility under U.S.S.G. § 3E1.1, and he received a three-level reduction. Velez has not met his burden of proving that the prosecutor's statement was a clear and obvious breach of the plea agreement. *See Puckett*, 556 U.S. at 135; *see also United States v. Scott*, 857 F.3d 241, 244 (5th Cir. 2017). Further, he has not shown that there is a reasonable probability of a lower sentence on remand. *See United States v. Escalante-Reyes*, 689 F.3d 415, 424 (5th Cir. 2012) (en banc). He has also failed to show that the prosecutor's statement constituted prosecutorial misconduct or that it had any impact on the district court's sentencing decision. *See United States v. Bolton*, 908 F.3d 75, 93-94 (5th Cir. 2018); *Escalante-Reyes*, 689 F.3d at 424. For these reasons, Velez has not shown reversible plain error, and the judgment is affirmed as to these

contentions. *See Puckett*, 556 U.S. at 135; *see also Escalante-Reyes*, 689 F.3d at 424.

Next, Velez argues that the district court was influenced by the prosecutor's statement, in response to his explanation during his allocution that he was sexually abused as a child, and that the prosecutor made other allegedly erroneous statements, all of which violated his due process rights. The Government argues that the waiver bars Velez from raising these claims on appeal. Velez responds that because the Government breached the plea agreement, the appeal waiver does not bar his appeal.

We review de novo whether an appeal waiver bars an appeal. *United States v. Keele*, 755 F.3d 752, 754 (5th Cir. 2014). To determine whether an appeal waiver bars an appeal, we conduct a two-step inquiry, first examining "whether the waiver was knowing and voluntary," and then considering "whether the waiver applies to the circumstances at hand, based on the plain language of the agreement." *United States v. Kelly*, 915 F.3d 344, 348 (5th Cir. 2019) (internal quotation marks and citation omitted).

Here, Velez does not contest the knowing and voluntary nature of the appeal waiver, and as discussed, has not shown a breach of the plea agreement or prosecutorial misconduct. Because all of Velez's remaining arguments about the prosecutor's statements are barred by the clear and unambiguous terms of the appeal waiver, see *id.*, they are dismissed, see *United States v. Purser*, 747 F.3d 284, 294-95 (5th Cir. 2014).

AFFIRMED IN PART; DISMISSED IN PART.