# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-50902
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Samantha L. Mueting,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:21-CR-439-1

————————————————————

Before Barksdale, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Samantha L. Mueting pleaded guilty, pursuant to a plea agreement, to conspiracy to commit mail fraud, in violation of 18 U.S.C. §§ 1341 and 1349. The district court sentenced her to, *inter alia*, a within-Guidelines 87-months' sentence, and imposed $4,032,919.96 in restitution. In her plea

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50902

agreement, Mueting waived her right to appeal her conviction and sentence on any ground.

In challenging her guilty plea and sentence, Mueting raises four issues. She claims the district court:  abused its discretion by denying her motion to withdraw the guilty plea, based on her claim of ineffective assistance of counsel; violated the plea agreement by denying her the benefit of the bargain, and the Government breached the agreement by opposing a reduction for acceptance of responsibility; and erred by imposing restitution without considering her financial circumstances.  As provided *infra*, none of these issues is barred by the appeal waiver.

Despite that waiver, Mueting can claim the court abused its discretion by denying her motion to withdraw her guilty plea due to ineffective assistance of trial counsel.  *See United States v. Robinson*, 187 F.3d 516, 517 (5th Cir. 1999).  By failing to challenge her trial counsel's testimony, the court's findings related to trial counsel's common practices, or the findings that the *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir. 1984), factors weighed against withdrawal, Mueting has not shown the court abused its discretion by denying her motion to withdraw.  *E.g.*, *United States v. Scroggins*, 599 F.3d 433, 440 (5th Cir. 2010) (factual findings are reviewed for clear error).

The waiver does not prevent us from considering the claim that the Government breached the plea agreement and the court concomitantly denied her the benefit of the bargain.  *E.g.*, *United States v. Cluff*, 857 F.3d 292, 297 (5th Cir. 2017).  Mueting, however, did not preserve this issue in district court (as she also concedes).  Because the issue was not preserved, review is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, she must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute)

that affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

Given the plain but conditional language in the plea agreement, the Government was excused from its obligations not to oppose a reduction for acceptance of responsibility when Mueting attempted to withdraw her plea and violated the terms of pretrial release, thereby engaging in conduct demonstrating a lack of such acceptance. *E.g.*, *United States v. Lord*, 915 F.3d 1009, 1020 (5th Cir. 2019) ("[A] defendant who pleads guilty, initially admitting the conduct underlying [her] guilty plea, but then later attempts to withdraw [her] plea, asserting innocence, does not demonstrate 'sincere contrition' for purposes of [Sentencing Guideline] § 3E1.1." (citation omitted)); *United States v. Scott*, 857 F.3d 241, 244–45 (5th Cir. 2017). She has not shown the requisite clear or obvious error. *See Puckett*, 556 U.S. at 135.

If, as Mueting maintains, the court failed to follow the plea agreement, the appeal waiver is not enforceable; accordingly, it does not preclude our consideration of this related, but unpreserved, issue. *E.g.*, *United States v. Self*, 596 F.3d 245, 247 (5th Cir. 2010). She asserts the agreement required the court to grant a three-level reduction for acceptance of responsibility under Guideline § 3E1.1 and the Government's motion for downward departure. The court's denials of the motion for downward departure and the reduction for acceptance of responsibility were not incompatible with the terms of the agreement. *See Scott*, 857 F.3d at 244–45. The court was not bound by the plea agreement—which was entered into under Federal Rule of Criminal Procedure 11(c)(1)(B)—and the agreement contained no provision binding the court to a reduction pursuant to Guideline § 3E1.1 or § 5K1.1.

No. 24-50902

Accordingly, Mueting has not established the requisite clear or obvious error. *See Puckett*, 556 U.S. at 135.

Finally, despite the appeal-waiver provision, our court may consider Mueting's contention that the amount of the restitution order exceeds the amount permissible by statute. *E.g.*, *United States v. Kim*, 988 F.3d 803, 811 (5th Cir. 2021). Contrary to Mueting's assertion, the statutory basis for the restitution award was the Mandatory Victim Restitution Act (MVRA). *See* 18 U.S.C. § 3663A(c)(1)(A)(ii). Mueting does not raise, and therefore abandons, any contention challenging the restitution award pursuant to the MVRA. *See United States v. Whitfield*, 590 F.3d 325, 346 (5th Cir. 2009) ("As a general rule, a party waives any argument it fails to brief."); *Beasley v. McCotter*, 798 F.2d 116, 118 (5th Cir. 1986) (counseled briefs are not liberally construed).

AFFIRMED.