# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2025

Lyle W. Cayce
Clerk

No. 24-30011
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ADAM JAMES JOHNSON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:21-CR-155-3

Before STEWART, GRAVES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Adam James Johnson appeals from his guilty plea conviction for conspiracy to distribute 50 grams or more of methamphetamine. He first argues that the Government breached the plea agreement by failing to join his objection to the presentence report's use of pure methamphetamine, also known as ice, to calculate his total offense level. Because Johnson did not

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

raise this issue in district court, we review this challenge only for plain error. *See United States v. Malmquist*, 92 F.4th 555, 562 (5th Cir. 2024). Neither the plea agreement nor the stipulated factual basis reference the purity of the methamphetamine for which Johnson was held responsible. Although Johnson asserts that the use of the term "methamphetamine" in those documents inherently precludes defining that substance as ice, he does not provide any supporting authority establishing that view as a reasonable understanding of the agreement. *See United States v. Scott*, 857 F.3d 241, 244 (5th Cir. 2017); *United States v. Molina*, 469 F.3d 408, 413-14 (5th Cir. 2006). He has therefore failed to meet his burden of showing any error in this regard, plain or otherwise. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Roberts*, 624 F.3d 241, 246 (5th Cir. 2010).

Next, Johnson contends that the district court erred by applying an adjustment for obstruction of justice based on his jailhouse phone calls because those calls did not occur during the course of the federal investigation and did not constitute a material hindrance to that investigation. Although Johnson initially objected to the obstruction adjustment, he explicitly withdrew that objection in district court. Johnson's withdrawal of his objection constituted waived error, which is "entirely unreviewable." *United States v. Musquiz*, 45 F.3d 927, 931-32 (5th Cir. 1995). In any event, Johnson cannot show plain error regarding this challenge. Because Johnson's obstructive conduct did not occur contemporaneously with his arrest, the Government was not required to prove that the conduct was a material hindrance to the investigation. *See United States v. Hinojosa*, 749 F.3d 407, 416 (5th Cir. 2014). Moreover, Johnson's obstruction of a state investigation that leads to the instant federal conviction is covered by U.S.S.G. § 3C1.1. *See United States v. Alexander*, 602 F.3d 639, 642 (5th Cir. 2010); U.S.S.G. § 3C1.1, comment. (n.1).

Accordingly, the district court's judgment is AFFIRMED.